UNITED STATES *v.* PAYNE.

APPEAL FROM THE COURT OF CLAIMS.

No. 673. Submitted January 9, 1893. — Decided March 6, 1893.

A clerk of a Circuit or District Court is entitled to fees for making dockets and indexes, taxing costs, etc., in suits upon manufacturers' bonds under the internal revenue law where issue was joined and testimony given:

also for entering orders of court for *alias fi. fa.* and for *venditioni exponas*, one folio each: also for making record entries of recognizances of defendants, or of entering and filing such recognizances, but not for both: also for making docket entries and indexes in cases of *sci. fa.* and other proceedings where issue was joined: also for entering orders approving the accounts of officers of the court, and filing duplicate accounts: also for entering separate orders of court excusing jurors, entering orders of court to issue subpœnas, and entering an order for *alias capias* when such orders are made by the court and the fees allowed; and also for drawing recognizances of defendants.

He is not entitled to fees for filing vouchers: nor for making dockets and indexing where no indictment is found: nor for attendance upon the District Court as a jury commissioner in drawing jurors.

THIS was a petition for fees by the clerk of the District and Circuit Courts of the United States for the Western District of North Carolina. The petition averred that the accounts had been duly presented to the accounting officers of the Treasury, and payment thereof refused, although such accounts had been duly presented and approved by the court in accordance with law. The court found the facts in favor of the petitioner and directed judgment in his behalf for $538.50, and the United States appealed. As the court found a large number of items in favor of the petitioner, the allowance of which is not now disputed, it is unnecessary to set forth the finding in full.

*Mr. Felix Brannigan* and *Mr. Solicitor General* for appellants.

*Mr. Charles C. Lancaster* for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The assignments of error in this case relate to several petty items claimed to have been illegally allowed by the court below.

1. For making dockets and indexes, taxing costs, etc., in various suits, upon manufacturers' bonds under the internal revenue law, where issue was joined and testimony given, for which petitioner claimed $3 in each case. Revised Statutes,

§ 828, allows a fee of $3 "for making dockets and indexes, issuing venire, taxing costs, and all other services, on the trial or argument of a cause where issue is joined and testimony given," and $2 for similar services "in a cause where issue is joined, but no testimony is given," and $1 "in a cause which is dismissed or discontinued, or where judgment or decree is made or rendered without issue." Objection is made to the taxation of three dollars in this case upon the ground that it does not appear that the testimony was given "on the trial or argument" of the cause. If the allowance depended upon the first clause alone, it might be claimed with reason that it would be no hardship upon a public officer, who is entirely familiar with the statute, to bring himself within its terms, and to make it clearly appear that the services were rendered on the trial or argument of the cause; but as the second clause is limited to cases where issue has been joined, but *no* testimony is given, and as, in this case, the issue was joined and testimony *was* given, we think it a reasonable inference that it was the intention of Congress to allow $3 in such case, or that it may be assumed that the testimony was given upon the trial or argument of the case, as required by the first clause. This item should, therefore, be allowed.

2. For entering orders of court for *alias fi. fa.*, and for *venditioni exponas*, one folio each. While a writ of *alias fi. fa.* is ordinarily issued upon a simple precipe, it is perfectly competent for the district attorney to apply to the court for an order for that purpose, and, if such an order be made, the clerk is clearly bound to enter it, and is entitled to his fee therefor, whether such order be necessary or not, or, indeed, whether the court had any right to enter it or not. The propriety of such an order cannot be tested upon the application of the clerk for his fee for entering it.

3. For making record entries of recognizances of defendants and entering and filing said recognizances. Recognizances may be taken either in open court, in which case a record entry of the fact is made upon the journal, or by a separate instrument, signed and acknowledged before a proper officer. In the one case the clerk is entitled to a fee

for making the entry, and in the other for drawing and filing the recognizance, (*United States* v. *Barber*, 140 U. S. 164, 166, ¶ 3,) but not for both. A deduction should, therefore, be made from this item.

4. For making docket entries and indexes in cases of *sci. fa.* and other proceedings, where issue was joined but no testimony given. This item was disallowed upon the ground that docket fees were only taxable in "causes," and that a *scire facias* is not "a cause" within the meaning of the section.

While a *scire facias* to revive a judgment is merely a continuation of the original suit, (*Frierson* v. *Harris*, 94 Am. Dec. 223, notes,) a *scire facias* upon a recognizance, or to annul a patent, or for other similar purposes, is as much an original cause as an action of debt upon a recognizance, or a bill in equity to annul a patent. *Winder* v. *Caldwell*, 14 How. 434, 443; *United States* v. *Stone*, 2 Wall. 525, 535.

5. Items 8 and 9 are for entering orders approving the accounts of officers of the court, filing duplicate accounts and vouchers. All of these are allowable under *United States* v. *Jones*, just decided, (*ante*, 672,) except the fees for filing vouchers, which should be disallowed.

6. Per-diem fee for attendance on the District Court with the jury commissioner in drawing jurors, is disallowed upon the authority of *United States* v. *King*, just decided. *Ante*, 676.

7. For entering separate orders of court excusing jurors, entering orders of court to issue subpœnas, entering order for *alias capias*. As these orders appear to have been made by the court, and the fees for entering them allowed by the court, the charges must be sustained.

8. Item 15, for making dockets and indexing, where no indictment is found, but the same is ignored by the grand jury, should be disallowed. "A cause" in a criminal case is begun by filing an indictment which has been found, but not by one which has been ignored.

9. Item 20, for drawing recognizances of defendants, is allowed upon the authority of *United States* v. *Barber*, 140 U. S. 164, 166, ¶ 3.

Opinion of the Court.

This disposes of all the items involved upon this appeal, and the judgment of the court below is, therefore,

*Reversed, and the case remanded, with instructions to reduce the judgment in conformity with this opinion.*