In re STARIN.

(District Court, E. D. New York. July 23, 1903.)

1. SHIPPING—LIMITATION OF LIABILITY—WAIVER OF RIGHT BY LITIGATION IN STATE COURTS.

A shipowner, by defending an action brought against him in a state court to recover damages for injury to a passenger, and by appealing from the judgment rendered against him therein, does not waive his right to petition a court of admiralty for a limitation of liability; nor is he debarred of the right to invoke such remedy because there is but a single claimant.

2. SAME—EXTENT OF LIMITATION—JUDGMENT FOR INJURY TO PASSENGER.

Where a passenger injured through the negligence of those engaged in the navigation of a tug and barge, without the privity of the owner, recovered judgment therefor and for costs against such owner in the state courts, the owner is entitled to a limitation of his liability to the value

¶ 1. Limitation of shipowner's liability, see note to The Longfellow, 45 C. C. A. 387.

of the two vessels and pending freight, with interest thereon from the time of the injury to the time of payment, as against the judgment for damages, but he cannot limit his liability for the costs taxed against him in the litigation in the state courts.

In Admiralty.   Proceeding for limitation of liability.

Richards & Heald and H. Putnam, for petitioner.
Corbin & O'Ryan, for claimant John T. Hill.

THOMAS, District Judge.   On the 4th day of July, 1898, the petitioner was the owner of the steam tug Titan and the barge Robert Curry, which vessels were engaged in carrying excursionists; and while passing through Hell Gate the hawser by which the barge was attached to the tug became detached from the cleat to which it was made fast on the barge, and came in such contact with the claimant herein, a passenger on the barge, that his leg was torn off at the knee, and he was thrown to the deck with such force as to cause a compound fracture of the arm and other injuries.   On the 3d day of December, 1898, John T. Hill, the injured passenger, began an action against John H. Starin, in the Supreme Court of the state of New York, to recover compensation for such injuries, which were charged to have arisen from the negligent manner in which said tugboat and barge were managed and navigated by the defendant, his agents and servants, and upon other grounds set forth in the complaint in said action.   The defendant answered, and the issue so raised was tried on the 18th day of March, 1901, and a verdict rendered for the plaintiff for the sum of $11,500.   On March 19, 1901, judgment was entered on the verdict for said sum of $11,500, together with the sum of $492.13, costs and disbursements, amounting in all to the sum of $11,992.13.   From such judgment and order denying the motion for a new trial an appeal was taken to the Appellate Division, whereupon such judgment and order were affirmed, with costs (73 N. Y. Supp. 91), and judgment for such affirmance, and for the sum of $111.25, costs and disbursements of such appeal, was entered.   On November 27, 1901, the defendant appealed from such judgment of affirmance to the Court of Appeals of the state of New York, whereupon such judgment was affirmed by such court (66 N. E. 1110), with the costs of such appeal.   On February 27, 1903, defendant filed a petition in the present proceeding to limit his liability, whereupon the barge was appraised at $3,000, the tug at $6,000, and the freight or earnings at $150.   The plaintiff in the former action and the claimant in this proceeding interposed the defenses:   First, that by the proceedings in the state court the defendant waived the right to seek remedy here; second, that the barge and tug constituted one vessel, or that the accident was due to fault of those upon both vessels; third, that the injury was with petitioner's privity or knowledge; fourth, that the claimant was the only person injured, and that the court cannot exercise its jurisdiction, as the petitioner had a complete remedy in the state court.

It is concluded (1) that the judgment in the state court established that the defendant and his servants were negligent in the management and conduct of both the tug and the barge, and that the injury

resulted from such negligence; (2) that the petitioner has not waived his right to limit his liability in this court; (3) that the injury was without the petitioner's privity or knowledge; (4) that the claimant is entitled to recover the sum of $11,500, with interest thereon from the time of the verdict in the state court, so far as the appraised values may discharge the same, but to such appraised values should be added the interest thereon from the time of the injury to time of payment; (5) that the petitioner cannot limit his liability for the costs as taxed in the judgment entered upon the verdict, for the costs recoverable in the judgment of affirmance in the Appellate Division, and for the costs upon the appeal to the Court of Appeals. The claimant should be permitted to enforce his judgments for such costs, or the payment thereof should be a condition of permitting the petitioner to limit his liability, but all interest taxed in such costs should be deducted.