### THE UBBERGEN.

District Court, E. D. New York. February 25, 1925.

952

Kelly & Blinn, of New York City (Eugene E. Kelly, of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (L. de Grove Potter and R. Parmer, both of New York City, of counsel), for claimant.

CAMPBELL, District Judge. The libelant shipped at the port of New York on the steamship Ubbergen, on January 24, 1924, for a voyage to Cuba and back to the port of New York, as a mess boy at $35 per month.

Libelant was assigned to duty as mess boy to the officers' mess, and one of his duties was to supply the ship's officers with water for washing purposes. There were no facilities for drawing hot water for washing purposes except down in the engine room through a small pipe connecting with the main feed pipe running from the condensers direct to the boiler.

While libelant was engaged in performing this duty, he met with the injuries of which complaint is made, and seeks recovery on the alleged ground that the same were caused by the unseaworthiness of the ship. No one but the libelant actually saw the accident, and the testimony as to surrounding circumstances, even as to the date of the accident, is very conflicting.

Libelant did not allege that the ship was a foreign vessel, nor did he allege or prove the law of any foreign country as controlling in this suit. His allegation was that the injuries were received on the high seas.

The claimant, by way of a separate defense, alleged that the libelant was a citizen of the Netherlands, and that the steamship was a vessel of Dutch registry, and that the Dutch law applied, and that under that law libelant was barred from maintaining this action, but claimant offered no evidence in support of that allegation.

This is an action in rem, and the vessel was found within the jurisdiction of this court.

■ Claimant contends that, the libelant hav-

ing failed to allege and prove the law of Holland, he cannot recover, and his libel must be dismissed, and cites as authority The Hanna Nielsen (C. C. A.) 273 F. 171, which, if authority for claimant's contention, would be binding on this court.

An examination of the opinion in that case shows that libelant alleged a right to recover under the British law, the injuries having been received while the ship was in a British harbor, and that, with respect to the law there presented, the law of the United States was the same as the British law, but failed to make proof thereof, while the claimant in that case alleged and proved the Norwegian law under which the libelant was barred.

The facts in that case therefore were entirely different than in the case at bar, where libelant neither alleged nor proved a foreign law as applicable to this case, and claimant, while having alleged that it was controlled by Dutch law, has failed to make proof of that law.

It therefore seems to me that the rule to apply in the case at bar is that laid down by the Supreme Court in The Scotland, 105 U. S. 24, 26 L. Ed. 1001, in which Mr. Justice Bradley, writing for the court, at page 29, says:

"Hence, if a collision should occur in British waters, at least between British ships, and the injured party should seek relief in our courts, we would administer justice according to the British law, so far as the rights and liabilities of the parties were concerned, provided it were shown what that law was. If not shown, we would apply our own law to the case."

■ The burden of proving the law of a foreign jurisdiction is upon him who asserts or relies on it. Kuhnhold v. Compagnie Generale Transatlantique (D. C.) 251 F. 387.

A photograph was offered in evidence purporting to show the boiler and two valves designated as B and C, but this photograph was of the starboard boiler, while the injury is alleged to have been suffered by turning a valve on the port boiler, and the small pipe leading to the corresponding valve B on the port boiler was shorter than the one leading to valve B on the starboard boiler.

■ I cannot follow libelant to the extent of holding the ship unseaworthy because a method was not provided for drawing hot water in the galley or anywhere outside of the engine room, because it is not required that the ship shall have the best appliances. Adams v. Bortz (C. C. A.) 279 F. 521.

■ It cannot be successfully contended that

steam could not come from the valve on the port boiler corresponding to valve B, as described by libelant, because it appears from the evidence that, if the upper valve corresponding to valve A, which was supposed to act as a check and prevent hot water, under tremendous pressure, from rushing out from the boiler when the valve corresponding to B was opened, failed to perform its function as sometimes happened, the hot water would rush out with a tremendous pressure and form steam.

In my opinion, the libelant turned valve B, and thereby received the injuries of which complaint is made, and that, by reason of the defective condition of valve B, the ship was not in a seaworthy condition.

The contention of the libelant that the master of the ship refused to provide a doctor for him is not in my opinion sustained, but, even if it was, there is no proof that the libelant suffered any increased pain and suffering or increased disability; on the contrary, while the treatment administered in the first instance may have seemed harsh, it must be remembered that no doctor was available at that time, and the effect of the treatment was such that any medical man might have felt proud of his work had he been in attendance on the case.

The injury was received by the libelant, according to his contention, on January 30th and he went to work on March 6th on another vessel, and continued to work steadily thereafter.

The libelant was undoubtedly subjected to severe pain and suffering for some days and to annoyance and slight pains for some time thereafter, but the injuries were not permanent, except as to a few comparatively small scars which will remain on portions of the libelant's body generally covered by clothing.

Considering all the facts in the instant case, the award must be mainly for the pain and suffering, as libelant has no permanent injury nor any disfiguring marks or scars that will ordinarily be visible, and was out of employment for but 16 days from the time he left the Ubbergen until he shipped on another vessel. He was able to get around unassisted during that time, and had been performing his duty aboard the Ubbergen after the accident for some days before she arrived in New York.

The claim of the libelant for wages, maintenance, and cure has not been sustained.

A decree may be entered in favor of the libelant for $750, with costs.