## THE VICTOR.
### In re MILLS.

District Court, E. D. New York.
April 29, 1927.

Macklin, Brown, Lenahan & Speer, of New York City (Matthew P. Breen, of New York City, of counsel), for petitioners.

Gilbert D. Steiner, of New York City, for claimant.

CAMPBELL, District Judge.

Mary Murphy, an infant, by James Murphy, her guardian ad litem, recovered a judgment against William M. Mills, the petitioner, for $1,000 damages and $136.43 costs, amounting to $1,136.43 in all, in the Supreme Court, Kings county, for personal injuries alleged to have been suffered by said infant while she was a passenger on the steamer Victor, owned by the petitioner.

A motion to set aside the verdict was denied, and an appeal was taken to the Appellate Division of the Supreme Court, Second Department, and the judgment stayed on the giving of a bond by the Royal Indemnity Company, which undertook to pay all costs and damages which might be awarded against the appellant on the appeal, not exceeding $500, and to pay the sum recovered by the judgment or the part thereof as to which said judgment was affirmed or the said judgment if the appeal was dismissed.

The said judgment was unanimously affirmed by the said Appellate Division with $93.70 costs on appeal; the judgment of affirmance being duly entered on December 30, 1926. See Murphy v. Mills, 218 App. Div. 863, 219 N. Y. S. 868.

A motion for reargument and for leave to appeal to the Court of Appeals was denied by the Appellate Division, and an order to that effect duly entered February 11, 1927. See Murphy v. Mills, 219 App. Div. 796, 220 N. Y. S. 890.

A motion was thereafter made before the Court of Appeals for leave to appeal to that court, which was denied, with $10 costs and printing disbursements.

The petitioner has had the use of the boat and received any advantages flowing from such use.

The right of the owner of the vessel, the petitioner, to maintain proceedings for limitation of liability after the recovery of judgment on the claim against which limitation is sought cannot be denied, and that is also true even after the appeal was taken and the supersedeas bond was given, but, in addition to surrendering the vessel or giving bond for its value, under the facts stated, the petitioner must pay interest on the value of the vessel from the date of judgment, the costs of the trial and the appeal. The T. W. Wellington (D. C.) 235 F. 728, Monongahela River Consol. Coal & Coke Co. v. Hurst (C. C. A.) 200 F. 711, Gleason v. Duffy (C. C. A.) 116 F. 298.

The restraining order protects the surety on the appeal bond as well as the petitioner.

The motion will be granted unless the petitioner within ten days after service upon his proctors of the order to be entered on this motion gives security for the interest on the value of the vessel from the date of the judgment hereinbefore recited to the date of filing the petition herein, and pays the costs and disbursements on said judgment, appeal, and denial of leave to appeal, as allowed by the state courts; in which event it will be denied.