## Petition of LANGNES.

### THE ALOHA.

District Court, W. D. Washington, N. D. January 25, 1929.

No. 12189.

is the test. The Ubbergen (D. C.) 30 F.(2d) 951; 1925 A. M. C. 557; Luckenbach S. S. Co. v. Buzynski (C. C. A.) 19 F.(2d) 871, 1927 A. M. C. 1185.

It may also be said that by the failure of the fisherman to use the safety appliances provided, known to him, and the violation of specific orders with relation to the employment of both hands in disentangling the hook, and not moving the lever conveniently placed and stopping the winch, when entangling hooks were apparent, pursuing unsafe methods in performance of duty, he assumes the hazards known, or open, obvious, and apparent and necessarily attendant upon the undertaking.

When a master provides safeguards against danger and specifically instructs with relation to the performance, and injury results because of omission to employ the safety appliances, or follow specific instructions for operation in usual manner, recovery for injury may not be had.

Formal order may be presented on notice.

G. E. Steiner and Bronson, Jones & Bronson, all of Seattle, Wash., for petitioner.

Samuel B. Bassett, of Seattle, Wash., for claimant.

NETERER, District Judge. The vessel and equipment being of customary and standard construction, and there being no act disclosed in which the petitioner lacked in the performance of duty imposed, or performed in violation of imposed duty, he is entitled to total exemption. The most perfect appliances or equipment are not required, but customary employment and good order