## THE ALOHA. *
### GREEN v. LANGNES.

Circuit Court of Appeals, Ninth Circuit.
October 21, 1929.

No. 5877.

*Rehearing denied December 17, 1929.

---

Winter S. Martin and Samuel B. Bassett, both of Seattle, Wash., for appellant.

Ira Bronson, H. B. Jones, and Robert E. Bronson, all of Seattle, Wash., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and LOUDERBACK, District Judge.

WILBUR, Circuit Judge. Appellant brought an action against the appellee in the superior court of the state of Washington for the recovery of $25,000 damages for the loss of his eye as a result of an injury by a fish hook, alleged to have been due to appellee's negligence while the appellant was a member of the crew of the Aloha on an expedition fishing for halibut on the banks off the coast of British Columbia. The appellee is the owner and master of the Aloha, and as such had control of the fishing boat at the time of the accident. The appellee thereafter filed this libel in admiralty to limit his liability for such injury as owner of the Aloha, under section 4283 et seq., Rev. St. (46 US CA § 183 et seq.), to the value of the boat, about $5,000, and to enjoin the further prosecution of the suit in the state court.

The appellee alleged in his libel "that petitioner desires to claim the benefits of sections 4283, 4284, and 4285 of the Revised Statutes of the United States, and the acts amendatory thereof and supplemental thereto, and in this proceeding, by reason of the facts and circumstances hereinbefore set forth, petitioner further desires to test its liability and the liability of said M. S. Aloha to any extent whatever for any and all loss, destruction, damage and injury caused by and resulting from the occurrence aforesaid or other casualties of said voyage." He also alleged that his vessel was seaworthy, that the injury to the appellant was entirely due to his own negligence in handling the fish lines, and that the appellant knew of the danger involved in reeling in the ground line with fish hooks attached, and assumed the risk of the operation in which he was en-

gaged, and that the expedition was a joint venture.

The petition did not set forth that the alleged negligence for which the appellant was seeking to hold the appellee liable in the state court, or otherwise, was without the knowledge or privity of the appellee, but, on the contrary, disclosed that the appellee, as owner, furnished the Aloha for this fishing expedition, and was in actual charge thereof as master at the time of the injury. While a petitioner is not required to admit the fact of negligence in his subordinates, in order to secure the benefit of the law limiting the owner's liability, his petition for the limitation of such liability should at least allege sufficient facts to show that the law he invokes applies to him. The insufficiency of the petition was reasonably and appropriately brought to the attention of the court. However, as the court overruled these objections, and the cause proceeded to trial and judgment, we will deal with the situation as developed by the pleadings and the evidence.

If the injury occurred from negligence without the privity or knowledge of the owner of the vessel, he was entitled to limit his liability for the injury to the value of the vessel, although there was only one claimant. 46 USCA § 183; White v. Island Transportation Co., 233 U. S. 346, 34 S. Ct. 589, 58 L. Ed. 993; Flink v. Paladini, 279 U. S. 59, 49 S. Ct. 255, 73 L. Ed. 613.

Upon filing the petition, the lower court enjoined further proceedings in the state court during the pendency of this matter, and at the conclusion of the trial held that there was no negligence whatever on the part of the appellee or his employees; that the Aloha was seaworthy and that the injury resulted from the negligence of the appellant; and that the accident was the result of the ordinary hazards of the task being performed by the appellant. Throughout the proceeding the appellant made timely objection to the jurisdiction of the court. Appellant claims that, inasmuch as the owner of the vessel was in actual charge thereof at the time of the accident, had furnished the vessel for the expedition, and was responsible for her seaworthiness, there was no basis for limiting the liability of the owner of the vessel, because the owner was not "without knowledge or privity" of the conditions responsible for the accident.

If the lower court had jurisdiction of the matter, for the reason that it was a proper case for limiting the owner's liability, it could proceed in the exercise of that jurisdiction to adjudicate the merits of the action, and in so doing might arrive at the conclusion that there was no liability whatever. The Benefactor, 103 U. S. 239, 26 L. Ed. 351; The Erie Lighter 108 (D. C.) 250 F. 490, and cases therein cited; Providence & N. Y. S. S. A. v. Hill Mfg. Co., 109 U. S. 578, 592, 3 S. Ct. 379, 617, 27 L. Ed. 1038; Butler v. Boston & S. S. Co., 130 U. S. 527, 9 S. Ct. 612, 32 L. Ed. 1017. The trial judge declined to pass upon the jurisdictional question, except by formal order, until all the evidence concerning the accident was before the court, and then announced at the conclusion of the trial that he found no evidence of negligence whatever on the part of the owner or his employees. The final decree appealed from was in part as follows:

"(1) That the accident described in the libel and petition herein and the loss, destruction, damage and injury arising therefrom, was not caused by the design or neglect of the petitioner, Axel Langnes, and did not occur with the privity or knowledge of said petitioner.

"(2) That the said petitioner be and he is hereby forever exempt and discharged from all loss, damage, destruction or injury arising from or growing out of the said occurrence happening on board said vessel, Aloha, on or about said 13th day of May, 1928; and * * *

"(4) That claimant's exceptions to the petition grounded upon alleged want of facts and alleged want of jurisdiction filed herein on the 22d day of January, 1929, be and each of said exceptions is hereby overruled."

The appellant having elected to pursue his common-law remedy in the state court, the jurisdiction of the admiralty court depended upon the right of the owner to limit his liability to the value of the ship and cargo. Section 4283, Rev. St. (Comp. Stat. § 8021; 46 USCA § 183). That right in the case at bar was dependent upon the question as to whether or not the negligence upon which the appellant's claim is predicated was without the knowledge or privity of the owner of the vessel. This question is in a measure independent of the question of whether or not in fact there was negligence, and of the affirmative defenses thereto, and must therefore depend on the nature of the negligence alleged by the injured party as a basis for his recovery, and on the relation of the owner thereto. That question we will now consider.

In the case at bar the claim of the appellant is based upon the fact that the metal chain plates of the Aloha, to which the back stays were attached extending from the rail

downward for about two feet, were not flush with the side of the vessel, and were not covered by a metal plate, and that therefore the hooks were liable to momentarily catch in the side of the metal chain plates and be snapped loose by the pull of the winch. The defect, if it was a defect, was perfectly obvious to the owner and to the crew. Its proximity to the roller on the rail of the ship over which the ground line was being drawn to the winch was obvious. It appears from the evidence, not only that the owner of the vessel was on duty in the pilot house, but also that he had directed the appellant to tend the ground line as it came over the side of the vessel, and had observed him in that work. Whether the hook which injured the appellant's eye actually caught on the chain plate, or whether it caught in the soft wood of the ship's side, is a matter of inference to be drawn from the evidence. The appellee contended, and the court found, that the risks, such as they were, were obvious, and were assumed by the appellant. They were, of course, as obvious to the owner as to the appellant. If, as a matter of fact, the vessel was unseaworthy for the purpose for which it was being used, by reason of the failure to cover the chain plates with sheet metal, so as to diminish the chance that the hooks would catch while coming aboard, the owner of the vessel, who had prepared it for the service and who was fully advised, by reason of his long experience, as to the character of the operations to be performed and as to the dangers thereof, was necessarily in privity with and had knowledge of the conditions.

■ The only persons involved in the accident to the appellant were the owner and master of the vessel, who furnished the appliances and who controlled the vessel at the time of the accident, and the appellant himself, who was operating the instrumentalities by which he was injured. Under these conditions, if the owner was liable to the extent of the value of the vessel, he was also liable for the entire damage suffered by the appellant. It is argued in the briefs and suggested in the testimony that there may have been some negligence in the manner in which the vessel was placed with reference to the ground line, which was being brought aboard. It is suggested that the ground line, as it came aboard, was tending too far forward, and therefore the hooks were more likely to catch as they came aboard. The claim of the appellant filed herein, however, is not predicated upon any negligence of that kind, nor does it appear from the record that any such claim was made in the superior court. We therefore do not further consider such claim.

There is, therefore, no basis for the limitation of the liability of the owner upon a claim of negligence based upon the failure to cover the chain plates with sheet metal because of his ignorance, for he had full knowledge thereof. That being true, the court had no jurisdiction to proceed and pass upon the merits of the case, or to determine whether or not such failure was negligence, in the absence of the consent of the injured party, who had elected to bring his action at law in the superior court of the state of Washington, and who made timely objection to the trial of the question of negligence, contributory negligence, and assumed risk, and other defenses. The objection of the appellant to the jurisdiction of the court should have been sustained, and the court should have declined to pass upon the merits of the appellant's claim. Upon ascertaining that the owner was charged with knowledge and privity, the proceedings should have been dismissed for lack of jurisdiction, and the appellant allowed to proceed in the state court. Weisshaar v. Kimball S. S. Co. (C. C. A.) 128 F. 397, 65 L. R. A. 84.

■ Ordinarily, no doubt, the logical method of procedure in the trial court would be to first determine whether there was negligence, and then to determine whether or not the owner was personally responsible therefor beyond the value of the vessel, because of his knowledge or privity thereof or thereto. Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 595, 3 S. Ct. 379, 617, 27 L. Ed. 1038. But where it is apparent from the allegations of the pleadings as in this case, or from the evidence, that the owner has no right to limit his liability, where the jurisdiction of the court is challenged by the claimant, the judgment should go no further than to dismiss the case for lack of jurisdiction, without prejudice to the parties to litigate the question of negligence, and of liability before a jury, as authorized by law. 46 USCA § 688; 28 USCA § 41, subd. 3, and section 371; Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813. The findings of the trial court should be that plaintiff had knowledge of the condition of the ship as to seaworthiness, so far as that question is involved in this action, and that he is therefore not entitled to maintain the proceeding for the limitation of his liability.

The Circuit Court of the Second Circuit, in The 84–H, Appeal of Bouker Contracting

Co., 296 F. 427, a similar case, reversed a judgment dismissing proceedings and vacating an injunction staying the proceedings in a state court, and held that the District Court should have entered a decree exempting the petitioner from all liability and permanently enjoining the claimant from proceeding in the state court. That court distinguished the case of Weisshaar v. Kimball S. S. Co., 128 F. 397, 65 A. L. R. 84, and Parsons v. Empire Transportation, 111 F. 202, decided by this court, and the case of The Republic, 61 F. 109, also by that court, and the case of Quinlan v. Pew et al., 56 F. 111, by the Circuit Court of Appeals of the First Circuit, upon the ground that, "where there is no negligence and no fault, privity is a matter of no consequence." While this statement is entirely correct, the difficulty presented by these cases arises from the concurrent jurisdiction in the state court, the District Court as a common-law court, and the same or another District Court sitting in admiralty, to pass upon the claim of negligence. The Judiciary Act of 1789 (section 9 [1 Stat. 77]), conferring jurisdiction upon the District Courts in admiralty and maritime matters, preserved to suitors their rights at common law where the common law was competent to give it.

These exceptions in favor of the common-law rights have been maintained to the present time. 28 USCA § 41, subd. 3, and section 371, subd. 3. The rights of seamen to recovery for injuries suffered, originally defined by the common law (The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 S. Ct. 501, 62 L. Ed. 1171; Carlisle Packing Co. v. Sandanger, 259 U. S. 255, 42 S. Ct. 475, 66 L. Ed. 927), have been extended by amendment to the Merchant Marine Act to conform to the Federal Employers' Liability Act (45 USCA §§ 51–59); Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748; Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069; 46 USCA § 688. By these amendments the injured seaman is given the right to elect whether he shall proceed at common law before a jury or in admiralty. Panama R. R. Co. v. Johnson, supra. One of the most important distinctions, if not the most important, between the right of the injured party to assert his claims in admiralty and at common law, is the right to a trial by jury, and the effect of this legislation is to give the injured party a right to the determination of the question of negligence by a jury, instead of by an admiralty court,

if he so elects. The appellant, by bringing an action in the state court, made the election which the statute authorized him to make. Unless we are prepared to hold that the mere allegation by the owner of the vessel that he was without privity and knowledge of the negligence or the accident conferred upon the admiralty court jurisdiction to determine the question of negligence, regardless of privity or knowledge, and that thus to hold that the owner, by an untrue allegation, conferred jurisdiction on a court, where such jurisdiction would not otherwise exist, and that the practical effect of such an untrue allegation is to deprive the claimant of his right to a trial by jury, we must hold that the proper order of the trial court, upon discovering that there was both privity and knowledge on the part of the owner, would have been a dismissal of the case.

The opinion of the Supreme Court of the United States, delivered by Chief Justice Taft, in Hartford Accident Co. v. Southern Pac., 273 U. S. 207, 47 S. Ct. 357, 359, 71 L. Ed. 612, apparently was relied upon by the lower court in the procedure and disposition made of this case. That case follows Providence & N. Y. S. S. Co. v. Hill, 109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038, supra, with relation to the order of proof, as follows: "* * * It shall be determined, first, whether the owner and his vessel are liable at all; second, whether the owner may avoid all liability except that of the vessel and pending freight; third, what the amount of the just claims are; and, fourth, how the fund in court should be divided between the claimants."

The question under consideration by the Supreme Court in Hartford Accident Co. v. Sou. Pacific, supra, was whether, after the determination by the trial court that the injury arose with the knowledge and privity of the owner, and that consequently it was not a proper case for the limitation of the shipowner's liability to the value of the ship, it was the duty of the court to grant the petitioner's motion to dismiss the petition for lack of jurisdiction to proceed further, notwithstanding the opposition of the claimants to such dismissal, and their desire to have the merits of their claims adjudicated in the admiralty court, or whether the court, notwithstanding its finding that the accident was with the privity and knowledge of the owner, and notwithstanding the motion of the petitioner to dismiss his petition, should proceed to determine the merits of the controversy. It was held that the court under such circumstances should retain jurisdiction

of the case and adjudicate the validity of the claims.

The difference between that case and the case at bar is that the Supreme Court was there considering a case in which the claimants invoked the jurisdiction of the court to adjudicate their claims in the admiralty court, after they had been brought into that court at the instance of the shipowners, while in the case at bar the claimant is objecting to the jurisdiction of the admiralty court and insisting upon his right to proceed at law. Inasmuch as the right to determine whether or not the claimant's rights should be adjudicated in admiralty or at common law lies with the claimant (Plamals v. S. S. Pinar Del Rio, etc., 277 U. S. 151, 48 S. Ct. 457, 72 L. Ed. 827) and not with the court, the decision in Hartford Accident Co. v. Sou. Pacific is not at variance with the view that we take concerning the rights of the appellant.

The case is remanded to the trial court, with directions to dismiss the case for want of jurisdiction to limit appellee's liability, without determination of the question of negligence of appellee or appellant, and without passing upon the affirmative defenses to the claim of negligence advanced herein by the appellee.