## THE O—21.

## In re NEW JERSEY SHIPBUILDING & DREDGING CO.

### No. 10888.

District Court, E. D. New York.
July 9, 1930.

Everett W. Bovard, of New York City (Edward Ash and Lawson R. Jones, both of New York City, of counsel), for petitioner.

David M. Fink & Jacquin Frank, of New York City (Jacquin Frank, of New York City, of counsel), for claimant.

GALSTON, District Judge.

An action at law was begun against the petitioner in the Supreme Court of the State of New York, Kings County, by Kettel Arensen, the claimant herein, to recover damages for injuries received by him, which resulted from the sinking of the petitioner's scow O—21. Pending the trial of that action, the petitioner herein filed its petition for limitation of liability and secured a stay of the state court action. It is admitted that the O—21 became a total loss.

The controversy revolves about the seaworthiness of the scow. The petitioner contends that she was in all respects seaworthy. Claimant contends that the scow was unseaworthy, and moreover alleges that the unsea-worthy condition was known to the petitioner.

From the contradictory testimony offered by the two groups of witnesses, I reach the conclusion that the scow was leaking, was in an unseaworthy condition, and was known to be such by the superintendent in charge of the petitioner's operations. I cannot believe that the story told by Arensen and corroborated by Jackerson was fabricated. Particularly is this so in the light of the testimony of Sannes in respect to the condition of the scow O—21.

Arensen testified that several weeks before the accident he noticed the scow was leaking and reported its condition many times then and thereafter to Captain Hendrickson. Hendrickson was employed by the petitioner and was captain of petitioner's dredge operating at South Second street, Williamsburg. Hendrickson told him that the scow would soon be taken to the yard for repair. Up to the time of the accident the scow had not been taken to the yard for repair.

On June 17, 1926, the morning in question, the scow O—21 tied up alongside the dredge in order to be loaded with mud and refuse. During the loading operation, the scow at the same time was pumped by the dredge. At about 12 o'clock noon, the loading operation having been completed, the scow was taken to Recreation Pier at Williamsburg and was tied up alongside another scow of the petitioner. This other scow was in charge of the witness Jackerson. Jackerson went aboard the scow O—21 soon after she came alongside, because he saw she was listing. Together Jackerson and Arensen made an inspection of the scow and found that she was leaking. Arensen then called Captain Hendrickson of digger No. 9. Hendrickson came on board and they explained the leaking condition to him. Then they endeavored to start the pump on the scow, but owing to its defective condition they could accomplish nothing. Then they got buckets of ashes from a covered scow in the vicinity and cast these ashes in the water near the leaky seams, so that by suction ashes would be taken into the seams. That for the time at least stopped the leaks. The accumulated water on the scow was pumped out by a tugboat which came alongside. It should be noted that Captain McKinnon, superintendent of petitioner's operations in that locality, accompanied Captain Hendrickson and was present during the pumping operation and during the temporary stoppage of the leaks by means of the buckets of ashes.

It may be conceded too that the pump on the O—21 was to some extent operating at the time the tow started away from Recreation Pier. But it ceased working an hour thereafter and water again came in through the seams. Arensen was at that time alone on the boat and he was unable to get his pump working. By the time Scotland Lightship was reached, it was raining. After having passed Scotland Lightship, perhaps two miles off, the sea was washing over the forward part of the scow. Arensen, in the endeavor to lighten the load at the bow, then knocked out the second forward pocket. In doing so he was carried into the sea and the scow subsequently sank.

Much of the foregoing, it is true, is contradicted by witnesses of the petitioner; but I am persuaded that the version recited herein substantially records the facts.

Particularly is this so because the witness Sannes, who was a scowman on the O—20, another of the petitioner's scows, was quite firm and entirely clear in his statement that he had examined the O—21 before the accident and found her badly leaking. He reported this condition to Captain Hendrickson, who very forcibly disclaimed any interest in the matter.

In the course of the trial, in the effort to discredit claimant's testimony, there was a good deal made of various statements signed by him. My belief is, both from the testimony of the claimant and the language that he speaks, that these statements were secured by the petitioner and framed by the petitioner to suit its own purposes. It is significant that the president of the petitioner, though present in court, did not take the stand to contradict claimant either in respect to how these statements were obtained from him or as to the purpose for which they were solicited.

For the foregoing reasons the petition for limitation of liability must be dismissed.

There remains for consideration the question of whether the claimant may proceed with his state court action. He desires so to do. On the other hand, the petitioner contends that the whole matter is now before this court. Both parties cite The Aloha (C. C. A.) 35 F.(2d) 447, but a construction of the authorities relied upon would be academic, because claimant's answer seeks not only a dismissal of the petition but also to have the petitioner held liable for the loss and damage caused by the accident, and prays that a decree may be entered herein for the claimant's damages in full. Indeed he sets forth his claim in full.

Accordingly, it would be improper to vacate the stay of the state court action. The matter will be referred to a commissioner to ascertain the amount of claimant's damages.

Settle decree on notice.