## THE ALOHA.

### In re LANGNESS.

No. 12189.

District Court, W. D. Washington, N. D.
Feb. 2, 1932.

See, also, 32 F.(2d) 284; 35 F.(2d) 447; 41 F.(2d) 861; 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520.

Vanderveer & Bassett, of Seattle, Wash., and Winter A. Martin, of Bellingham, Wash., for claimant Winfield A. Green.

Bronson, Jones & Bronson, of Seattle, Wash., for petitioner.

NETERER, District Judge.

The suitor in the state court brought a common-law action to recover damages for personal injuries sustained while being employed as engineer and fisherman on the gas fishing schooner Aloha, while fishing on the halibut banks at Cape St. James, Queen Charlotte Island, British Columbia, against the petitioner, and prayed $25,000 damages. By petition, limitation was prayed in this court and restraining order issued against proceeding in the state court, and motion to dissolve the restraining order was denied. Such proceedings were had that the decree entered was reversed by the Supreme Court (Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520), but this court was directed to retain the cause as a matter of precaution, since the "state court's entire lack of admiralty jurisdiction," but vested with the suitor's right in the state court a common-law remedy. The Judicial Code, § 24, par. 3, 28 USCA § 41 (3), saves to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and, as a consequence, the right of trial by jury, a right of common-law proceeding. This court has retained jurisdiction of the limitation proceeding, but dissolved the restraining order, pursuant to the Supreme Court decision, to permit the suitor to pursue his common-law remedy in the state court.

The petitioner, as defendant in the state court, has by leave of the court filed an amended answer, by which he claims the benefit of the United States limitation statute to limit his liability, if any, to the value of the schooner, which, it is agreed, is $5,000. The suitor, in reply, admits the right of benefit of the limitation of law statute, but places in issue the seaworthiness of the schooner and lack of knowledge or privity of the defendants. This, at once, raises the right to limited liability, of which this court has exclusive jurisdiction, and which question is pending before this court in this proceeding, and, as stated by the Supreme Court, "the state court has entire lack of jurisdiction." 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520. And,

as stated by Judge Brawley, in The Lotta (D. C.) 150 F. 219, 223, which case is approved by the Supreme Court in 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, supra: "All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the Lotta."

At page 223 of 150 F., in The Lotta, supra, the court said: "There is no reason to doubt that this proper defense may be availed of in the state court. * * *" And on page 222 of 150 F.: "The owner of the vessel, therefore, can by answer in the state court set up as a defense that he is not liable beyond the value of the vessel, and that value may be determined as appropriately and as easily in that court as in this." And again: "The limit of recovery is the value of the owner's interest in the ship and freight, and it seems to be clear that the beneficent purposes of the act of 1851 may be well accomplished by an answer in the state court setting up a limited liability. If the plaintiff should recover a judgment there, he would be entitled to the full value of the ship. * * * All that the petitioner can fairly claim is that he should not be subject to a personal judgment for an indefinite amount and beyond the value of his interest in the Lotta and her freight."

Two issues are in the case: One within the jurisdiction of the state court, where common-law remedy is invoked; and the other, the petitioner's right to limit liability, of which the state court has no jurisdiction, but which is exclusively in this court; but, if the right to limited liability is brought into question in the state court, it will "bring it within the exclusive power of a court of admiralty," as said by the Supreme Court in The Aloha (Langnes v. Green, supra) 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520.

The state court has no power to hear any matter with relation to the right to limitation of liability, and cannot hear proofs as to seaworthiness; nor may the proctors for the suitor claim and urge that the burden of seaworthiness of the schooner must be established in the state court. Seaworthiness belongs solely to admiralty. The Lotta, supra; The Aloha, supra.

To pursue common-law remedy in the state court, the suitor must admit the right to limit liability, thus withdrawing from the case any federal question, and his recovery, if any, will be limited to the value of the schooner; and, if issue is taken upon the right to limit, then this court has jurisdiction of the entire controversy.

The motion of petitioner for restraining order must be granted, unless the suitor admits the right to limit liability, thus eliminating the federal question; the jurisdiction of this court being exclusive, the restraining order must issue and limitation of liability proceed in this court; but, if the right is conceded, the restraining order will be denied, and recovery limited to the value of the schooner, either admitted or proven in the state court.

The election of the suitor may be made by 10 o'clock Monday morning, February 7, in this court, to the effect that he has withdrawn the issue as to right to limit the liability in the state court; or declining to do so, in which event the restraining order will issue.