## In re MORAN BROS. CONTRACTING CO., Inc.

### No. 13002.

District Court, E. D. New York.

May 9, 1932.

Robert X. Kuzmier and G. Hunter Merritt, both of New York City, for claimant.

Grattan B. Shults and Duncan & Mount, all of New York City, for petitioner.

CAMPBELL, District Judge.

This is a motion in a proceeding for limitation of liability, made by a successful claimant in a personal injury action against the petitioner, for an order dismissing the petition and vacating the injunction.

The claimant brought an action under the Jones Act (section 33 [46 USCA § 688]) in the state court, and recovered a judgment for $6,152, damages and costs.

No issue of the right of the petitioner to limit liability was tendered or decided in the state court, and the petitioner lost no rights thereby.

While under Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, the state court is competent to entertain a claim of the shipowner for limitation of liability, and to afford him appropriate relief, the shipowner was not bound to seek that relief in the state court, but was free to invoke the jurisdiction of this court. In other words, where there is but a single claim on which the claimant can choose his own forum to try the issue of liability, the shipowner can choose his own forum to try the issue of his right to limit that liability.

This court has jurisdiction, and should entertain a petition to limit liability after a trial of the issues of liability, and to restrain further proceedings in the common-law court, or execution on the judgment or decree obtained. The Benefactor, 103 U. S. 239, 26 L. Ed. 351; The Victor (D. C.) 1 F. Supp. 931, 1927 A. M. C. 1121; In re Starin (D. C.) 124 F. 101; The T. W. Wellington (D. C.) 235 F. 728.

No laches has been shown, as the shipowner was not required to claim limitation until a liability on its part was established.

The judgment in the state court, of course, establishes the amount of the claimant's damage, but does not determine the issue of the shipowner's right to limit, and no authority is cited, nor that I have found, which required the shipowner to litigate his right to limitation of liability in the state court.

Motion denied.