## THE NORCO.

### In re NORTHLAND TRANSP. CO.

### No. 13301.

District Court, W. D. Washington, N. D.

Nov. 22, 1932.

Bogle, Bogle & Gates, of Seattle, Wash., for petitioner.

Vanderveer & Bassett, of Seattle, Wash., for respondent.

NETERER, District Judge.

The suitor (movant), pursuing his common-law remedy in the state court for personal injury by negligence (section 24, Jud. Code [28 USCA § 41]), obtained judgment, and thereupon the judgment debtor petitioned this court for limitation of liability "to charterer's interest in the vessel (etc.) * * * and freights, and passenger moneys pending on the voyage (etc.) * * *" (section 4283, R. S. [46 USCA § 183]).

The right to limit is challenged, for that there being only one claimant and the value of the interest in the vessel was not pleaded and determined in the state court, and by failure, the right to limit is waived and the issue is now res judicata.

Limitation proceedings involve two issues: (1) Liability; (2) limitation of liability when liability is adjudged. The right to invoke the state court jurisdiction under section 24, Jud. Code, to adjudicate negligence where a jury trial is afforded, is clear. Langnes v. Green, 282 U. S. 531, at page 539, 51 S. Ct. 243, 247, 75 L. Ed. 520. In

Langnes v. Green, supra, petition for limitation was presented in the federal court after action commenced in the state court. The state court afforded a common-law remedy on the negligence issue, and the federal statute a right to seek limitation of liability in the federal District Court.

When there is one possible claimant, the charterer or owner may claim in the state court that the judgment on negligence, if any, be limited to the ship's value, and, if the right is not contested, judgment accordingly may follow, and "* * * the advantage of this section (§ 4283 [46 USCA § 183]) may be obtained by proper pleading. * * * In the due course of the exercise of its common-law powers [the state court], was competent to entertain a claim of the shipowner for a limitation of liability and afford him appropriate relief under the statute dealing with that subject. * * * Notwithstanding this, however, the shipowner was free to invoke the jurisdiction of the federal District Court." But this may be done only when the "question is raised [in the state court] as to the right of petitioner to a limited liability." Ex Parte Green, 286 U. S. 437, at page 439, 52 S. Ct. 602, 603, 76 L. Ed. 1212.

To pursue the common-law remedy in the state court, the suitor must admit the right to limit liability, if raised, thus withdrawing from the case any federal question, and his recovery, if any, will be limited to the value of the charterer's interest. But, if issue is taken upon the right to limit, then this court has jurisdiction of the controversy. The Aloha (D. C.) 56 F.(2d) 647, affirmed (see Ex parte Green) 286 U. S. 437, 52 S. Ct. 602, 603, 76 L. Ed. 1212; Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520.

The state court being competent to give common-law remedy and having jurisdiction to determine the value of the charterer's interest in the vessel, he being the only claimant, and the claim could with propriety have been determined in that suit, it was his duty to plead the limitation of liability, if any, to the value of his interest in the ship. An adequate remedy was available and not put forward, and escape from the judgment which followed cannot be made. American Surety Co. v. Baldwin (U. S.) 53 S. Ct. 98, 77 L. Ed. —, decided November 14, 1932. Compare Mitchell v. First National Bank of Chicago, 180 U. S. 471, 21 S. Ct. 418, 45 L. Ed. 627; Lion Bonding & Surety Company v. Karatz, 262 U. S. 77,

934

90, 43 S. Ct. 480, 67 L. Ed. 871. The judgment upon the merits is res judicata not only as to the issue presented, but also as to rights and issues which might have been presented. Baltimore Steamship Company v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069. See, also, United States v. Sakharam Ganesh Pandit (C. C. A.) 15 F. (2d) 285, certiorari denied, 273 U. S. 759, 47 S. Ct. 473, 71 L. Ed. 878.

The petitioner was not at liberty to present his defense by piecemeal and litigate the liability in the state court. Werlein v. New Orleans, 177 U. S. 390, 20 S. Ct. 682, 44 L. Ed. 817; United States v. California & Oregon Land Company, 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476; Grubb v. Public Utilities Comm., 281 U. S. 470, 479, 50 S. Ct. 374, 74 L. Ed. 972. See, also, American Surety Co. v. Baldwin, supra.

From the foregoing, it is obvious that my view is out of harmony with In re Moran Bros. Contracting Co., Inc. (D. C.) 1 F. Supp. 932, 1932 A. M. C. 910, and In re Starin (D. C.) 124 F. 101, and The T. W. Wellington (D. C.) 235 F. 728. In The Benefactor, 103 U. S. 239, 26 L. Ed. 351, and Monongahela River Consol. Coke & Coal Co. v. Hurst (C. C. A.) 200 F. 711, there was more than one creditor in each case.

While the instant issue was not raised by answer, but rather in the nature of exceptive allegations, the issue at bar was submitted upon the right to limit liability upon the facts stated, and, acting upon the assumption that upon this challenge is agreed the right to limit liability shall be now finally determined, an order dismissing the petition, indorsing such understanding, may on notice be presented.