**GREEN v. LANGNES et al.**

No. 7821.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1936.

Winter S. Martin and Samuel B. Bassett, both of Seattle, Wash., for appellant.

Wright, Jones & Bronson and Robert E. Bronson, all of Seattle, Wash., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a decree in admiralty dismissing a petition for a writ of scire facias. The scire facias proceeding was an outgrowth of earlier proceedings [The Aloha (D.C.) 32 F.(2d) 284; Id. (C.C.A.) 35 F.(2d) 447; Id. (D.C.) 41 F.(2d) 861; Id. (D.C.) 56 F.(2d) 647; Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212; Green v. Langnes, 177 Wash. 536, 32 P.(2d) 565], a brief review of which is deemed necessary.

Appellant brought an action against appellee Langnes in a state court of Washington to recover damages for personal injury suffered by appellant while employed as a fisherman on the vessel Aloha, of which Langnes was the sole owner. While that action was pending, Langnes filed in the District Court of the United States for the Western District of Washington a petition for limitation of liability under sections 4283–4285 of the Revised Statutes, 46 U.S.C.A. §§ 183–185. In connection therewith, Langnes gave a stipulation for the payment into court of the value of the vessel and her freight, with interest, as provided in Admiralty Rule 51, 254 U.S. 703, 28 U.S.C.A. following section 723. Appellee Nordby was surety on the stipulation. The District Court issued an order restraining further proceedings in the state court, and a monition requiring all claimants to present their claims.

Appellant filed his claim, which was the only claim filed, and moved to dissolve the restraining order. The District Court denied the motion and, after hearing the case, decreed that there was no liability. The Aloha, 32 F.(2d) 284. This court reversed

927

that decree and directed that the limitation proceeding be dismissed for want of jurisdiction. The Aloha, 35 F.(2d) 447. Both decrees were reversed by the Supreme Court, which held that the District Court should dissolve the restraining order and permit the action in the state court to proceed, thus saving to appellant "the right of a common-law remedy," as provided in section 24(3) of the Judicial Code, 28 U.S.C.A. § 41(3), but should, however, retain the petition to be dealt with further should the right to limitation be questioned in the state court. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520.

The case was accordingly remanded to the District Court, and that court's restraining order was dissolved, whereupon appellant, by a pleading filed in the state court, challenged the seaworthiness of the vessel, thereby putting in issue the owner's right to a limitation of liability. Thereupon the matter was again brought before the District Court, and that court held that, unless the issue as to limitation of liability was withdrawn by appellant, a second restraining order would be granted. The Aloha, 56 F.(2d) 647. This action of the District Court was upheld by the Supreme Court. Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. Thereafter appellant withdrew the issue as to limitation and proceeded with his action in the state court. This resulted in a verdict and judgment in his favor for $5,000, with interest and costs. Green v. Langnes, 177 Wash. 536, 32 P.(2d) 565.

Having obtained judgment in the state court, appellant on January 11, 1935, filed a transcript thereof in the District Court, where the limitation proceeding was still pending. On January 21, 1935, Langnes moved the District Court to dismiss the limitation proceeding. On March 14, 1935, appellant petitioned the District Court for a writ of scire facias, requiring Langnes and the sureties on his stipulation to show cause why judgment should not be entered against them in the District Court for the amount of appellant's state court judgment. On March 20, 1935, the District Court entered its decree dismissing the limitation proceeding, exonerating the stipulation and the sureties thereon, and dismissing appellant's petition for a writ of scire facias. This appeal is from that decree.

The question to be decided is whether appellant's state court judgment can be enforced by scire facias in the District Court. That the District Courts of the United States may, in proper cases, issue writs of scire facias is not and cannot be questioned. Judicial Code, § 262, 28 U.S.C.A. § 377. The question here is whether appellant has presented a proper case for the issuance of the writ.

Scire facias on a judgment is an ancillary proceeding, being merely a continuation of the suit in which the judgment was rendered. United States v. Payne, 147 U.S. 687, 690, 13 S.Ct. 442, 37 L.Ed. 332; Collin County National Bank v. Hughes (C.C.A. 8) 152 F. 414, 415, 155 F. 389; Lafayette County v. Wonderly (C.C.A. 8) 92 F. 313, 314; Kirk v. United States (C.C.N.D.N.Y.) 124 F. 324, 333, affirmed in (C.C.A.) 130 F. 112. Such a proceeding can be instituted only in the court which rendered the judgment. Brown v. Wygant, 163 U.S. 618, 623, 16 S.Ct. 1159, 41 L.Ed. 284; Wonderly v. Lafayette County (C.C.W.D.Mo.) 77 F. 665, 666, affirmed in Lafayette County v. Wonderly, supra. Having obtained his judgment in a state court, appellant must look to that court for its enforcement. He cannot enforce it by scire facias in a District Court of the United States.

Appellant cannot, in the District Court or any other court, sue on or have recourse to the stipulation filed in the limitation proceeding. That stipulation was not given to secure payment or satisfaction of any common-law judgment. Its condition was that the stipulators (Langnes and his sureties) should abide by all orders of the District Court, sitting as a court of admiralty, and pay into that court the stipulated sum, with interest, whenever ordered by that court, or by an appellate court. That condition has not been breached. If appellant had elected to prosecute his claim in the admiralty court, and had succeeded in establishing it, he might have availed himself of the stipulation filed in that court. He did not so elect, but, on the contrary, elected to and did pursue his common-law remedy in the state court. Having made that election, he must accept its consequences, one of which is that he cannot now claim the benefit of the stipulation filed in the admiralty court.

Decree affirmed.