THE DEFENDER.

(District Court, W. D. Washington, S. D. May 15, 1914.)

No. 921.

1. SHIPPING (§ 209*)—LIMITATION OF LIABILITY—SUFFICIENCY OF PETITION.
     That the owner of a vessel did not petition for a limitation of liability until after the liability of the vessel has been established does not bar his right to such limitation, but in such case, when a surrender of the vessel is sought, the petition must show that the owner's interest therein is equal in value to that at the end of the voyage during which the liability was incurred, both with respect to the value of the vessel itself and to liens thereon, or the difference must be made good.
     [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

2. SHIPPING (§ 209*)—LIMITATION OF LIABILITY—SUFFICIENCY OF PETITION.
     Where a petition for limitation of liability alleged merely that only one claim against the vessel had "been made," it is not subject to exception on the ground that, when suit in rem was brought on that claim, peti-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tioner, in a stipulation for value, had admitted the value of the vessel to be greater than the claim as afterward allowed.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

In Admiralty. Suit by the Barkentine Lahaina Company, owner of the barkentine Lahaina, against the tug Defender, Pacific Transportation Company, claimant, the launch Fearless, Alma Smith, claimant, and the Quinalt Lumber Company. On exceptions to petition of Pacific Transportation Company for limitation of liability. Sustained in part.

See, also, 208 Fed. 836.

Huffer & Hayden, of Tacoma, Wash., for libelant.

Wedell Foss, of Tacoma, Wash., and Welsh, Welsh & Richardson, of South Bend, Wash., for petitioner Pacific Transp. Co.

CUSHMAN, District Judge. In June, 1911, through negligent handling of the tug Defender, her tow, the barkentine Lahaina, was injured. In October, 1913, in this cause, the Defender was found liable for such injuries in an amount which, with interest and costs, approximates $4,500.

[1] The Pacific Transportation Company, claimant, and owner of the Defender, petitions for a limitation of liability. Libelant excepts to such petition. The petition avers:

"That said stranding happened, and loss, damage, and injury occasioned thereby was incurred without the knowledge or privity of the petitioner and without any fault or negligence on its part, as found by the court in its decision herein; however, an action at law in rem against the said tug was begun in the district court of the Western district of Washington, Southern division, by Messrs. Huffer & Hayden, proctors for the Barkentine Lahaina Company, a corporation, who were the owners of said barkentine damaged in consequence of said mishap, and in which case this court has found judgment against the said tug Defender in a sum which, together with interest and costs will approximately be about $4,500 according to the proposed decree and cost bill filed by said proctors, and which, on the 1st day of April, 1914, proctors have asked this court to consider and to sign. The proctors representing the above-named libelant are Huffer & Hayden, Fidelity building, Tacoma, Wash. No other claims have been made against said tug or against this petitioner that constitute in any way a lien or claim against said tug to recover for any loss or damage whatsoever. That the amount of all claims against said tug as petitioner avers, by reason of the losses occasioned by said mishap, far exceeds the value of petitioner's interest in said vessel and her freight pending. Petitioner further avers on information and belief that there is no prior paramount lien on said vessel. and that she has made no voyage or trip since the voyage or trip on which the claim hereby sought to be limited arose, that have to any degree unreasonably decreased the value of said tug."

Petitioner offers to surrender the Defender to a trustee for the benefit of libelant and others entitled to share therein, and prays discharge from all liability. Libelant excepts because of claimant's laches and the insufficiency of the foregoing allegations. Libelant relies on the case of The Rose Culkin, 52 Fed. 328. Petitioner cites the following cases: New York & W. S. S. Co. v. Mount, 103 U. S. 239, 26 L. Ed. 351; The City of Boston (D. C.) 159 Fed. 257; In re Starin (D. C.) 124 Fed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

101; Dyer v. Nat. Steam Nav., Fed. Cas. No. 4,225; The Benefactor, 102 U. S. 214, 26 L. Ed. 157; Benedict on Admiralty (4th Ed.) p. 349. The exception because of claimant's laches is overruled. Benedict on Admiralty, § 522.

The allegation that the claim against the Defender, because of the mishap in which the Lahaina was injured, "far exceeds the petitioner's interest in said vessel and her freight pending," if material, should be directed, not to the value now, but at the end of the voyage. Benedict on Admiralty, §§ 545 and 546. The allegation that no voyage or trip made by the Defender since libelant's claim arose has unreasonably decreased the value of said tug is insufficient, being in the nature of a negative pregnant, and is not the equivalent of a positive averment that her value is equal to that at the end of the voyage upon which the damage occurred. The City of Norwich, 118 U. S. 468, 6 Sup. Ct. 1150, 30 L. Ed. 134; The Rose Culkin (D. C.) 52 Fed. 328; Benedict on Admiralty (4th Ed.) §§ 521 and 522.

"If, therefore, the proceeding is taken at the actual end of the voyage on which occurred the claims of loss or damage sought to be limited, the transfer to the trustee would be a simple transfer of the res in its condition at the time. But, if the transfer is made later, the court must be assured, by the affidavit supporting the motion for the order for the transfer, that there has been no diminution of the value of the ship, or, if there has been such a diminution, that the petitioner will make good the difference and will transfer to the trustee both the res and the additional amount required to bring the value of the whole surrender up to the value at the end of the voyage in question. If the owner should convey his interest to a trustee, and a claimant for damage alleges that the true interest has not been surrendered, it would be proper for the court to order an appraisement of the value of the interest of the owner in the res at the end of the voyage in question, notwithstanding the surrender, and to compel the owner, as a condition of obtaining his decree of limitations, to pay into court the difference between the appraised value and her value when surrendered to the trustee as affected by subsequent happenings or the accruing of subsequent liens." Section 522, Benedict on Admiralty.

While the text is not directly supported by the citation of authority, it is inferentially supported by all the cases cited by counsel.

The allegation that "there is no prior paramount lien on said vessel" is insufficient. It is the owner's interest in the vessel at the end of the voyage with which the court is primarily concerned. While it is proper to make allegations concerning the existence of prior and paramount liens to the end that the court may bring into the proceeding those entitled to share in the proceeds of the vessel's sale, yet an allegation is not only appropriate as to liens and claims arising subsequent to the voyage in question, for the same reason, but, when the surrender of the vessel is sought, for the further reason of advising the court whether the interest of the owner surrendered is of the value it was at the end of the voyage as well. Benedict on Admiralty, § 545.

"But as a matter of practice simply, where a surrender is desired, the existence of prior paramount liens, if such exist, must be alleged in the petition for limitation; also the existence and nature and amounts of any liens arising on any voyage since the voyage on which the claims sought to be limited arose, with the names and addresses of the lienors, so far as known, so that all such lienors may be notified of the proceeding; the petition must also allege the special facts on which the right to surrender is claimed, notwith-

standing the fact that the vessel has made a subsequent voyage, which special facts are ordinarily that petitioner, apart from the limitation proceeding, has paid or secured claims arising on such subsequent voyage, so that the vessel is surrendered with a value as of the end of the voyage on which the claims sought to be limited arose." Section 546, Benedict on Admiralty.

The manifest and adjudged effect of the act is to afford a shipowner, in those cases where the blame is not brought too nearly home to him, the opportunity of escaping further liability by giving up his ship, as at the end of the voyage, with freight earned, or the value of his interest therein at such time, or bond therefor. The act is one for the owner's advantage, and he must bring himself within its spirit to escape further responsibility.

It is neither intended that he should give less, nor his creditors take less, than the value of his interest at the end of the voyage. If there be subsequent liens, though they may be inferior to such as libelant's, and it ultimately prevail against them, it is not intended that it should sustain the burden of litigation to determine this, or that the ship's owner should have the advantage of the act and escape further liability by the surrender of a thing worth less to him than the vessel at the end of the voyage, which would be the result if there were subsequent liens thereon, or the vessel lessened in value to him for other reasons.

[2] There is an exception upon the further ground that, upon the libel being filed after the injury, the Defender was released upon stipulation and bond for value; that, in fixing the bond at $8,000, it was agreed by claimant, now the petitioner for limitation, that, at that time, $8,000 was the value of the vessel. An affidavit in support of this exception, which is undenied, recites that the claim of libelant amounts, as stated, to $4,500. As shown by the affidavit, the claimant prima facie admitted a value, at the time of the injury, of $7,000. If libelant's claim was the only one against the vessel, and she was still of equal value, claimant would not be prejudiced by a denial of the petition. But the allegation of the petition is not that there are no other claims against the Defender than libelant's, but that no others "have been made" that "constitute, in any way, a lien."

The right to take advantage of the statute for limitation of liability to the vessel and her freight pending does not depend upon whether the value exceeds or falls below the claims made or ultimately established, although the excess over such value would ordinarily be the actuating motive for invoking the statute. The object of the law was to afford certainty for uncertainty, and to establish a limitation beyond which a shipowner could not be pursued by certain creditors. The exception upon the last ground is denied.

While claimant is not deprived by laches or waiver of the right to limitation of liability, or to surrender the vessel in limitation merely because of the length of time which has elapsed since the voyage upon which the injury was caused to libelant, nor because of the subsequent voyages of the Defender, nor on account of the stipulation and bond for value given in these proceedings, nor for all these reasons (Benedict on Admiralty, § 520), yet these disclosed circumstances render more imperative the requirement that the petition for limitation fully

disclose the particulars above indicated and show that the vessel owner's interest, proposed to be surrendered, is equal to that at the end of the voyage.