### THE ETHELSTAN.

### THE MORGAN.

#### (District Court, S. D. Florida. September 12, 1917.)

1. SHIPPING ☞209(2)—LIMITATION OF LIABILITY—PROCEDURE.
   The statutory right of a shipowner to limitation of liability for collision is not waived by a failure to assert it before decree is entered against him, nor is his failure to pursue strictly the procedure outlined in the statute and admiralty rules cause for dismissal of his petition.

2. SHIPPING ☞209(1)—LIMITATION OF LIABILITY—PROCEDURE.
   In proceedings for limitation of liability, the value of the vessel to be surrendered is usually ascertained by appraisal; but that method is not exclusive, and on the filing of the libel the court has jurisdiction to determine such value by any procedure proper under the circumstances of the particular case.

3. COLLISION ☞25—LIMITATION OF LIABILITY—VALUATION OF VESSEL.
   The value of the vessel in such proceedings is to be taken at the end of the voyage on which the collision occurred, and where the vessel has been moved by the owner without appraisal to another port and there sold, there is no presumption that the price realized was greater than her value at the port where the voyage ended, which justifies the allowance to the owner of the cost of towage.

In Admiralty. Suit for collision by H. B. Thompson, master of the steamship Morgan, against the Steamship Ethelstan, with cross-libel; also petition of the Van Steamship Company, owner of the Morgan,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for limitation of liability. On motion to dismiss and exceptions to petition. Motion to dismiss denied. Exceptions sustained in part.

George C. Bedell, of Jacksonville, Fla., for petitioner.

John C. Cooper & Son, of Jacksonville, Fla., for respondent and cross-libelant.

CALL, District Judge. During the month of April, 1913, the steamship Morgan, bound on a voyage from Jacksonville, Fla., to Miami, Fla., came into collision with the steamship Ethelstan, in the St. Johns river, bound from the bar to Jacksonville. Libel was filed by the Morgan and the Ethelstan attached, whereupon the master of the Ethelstan attached the Morgan. Stipulations were filed on behalf of each of the vessels and they were released. After the collision the Morgan was towed to Jacksonville, being too badly damaged to proceed upon her voyage. Proceedings were had which resulted in a decree in favor of the Ethelstan against the Morgan for some $4,000 and costs, on April 27, 1917. On June 8, 1917, the owners of the Morgan filed a libel and petition for limitation of their liability, under section 4283 of the Revised Statutes, and the amendments thereto (Comp. St. 1916, § 8021). The petition alleges, among other things, that after the Morgan had been towed to Jacksonville an examination was made, and it was decided that repairs could not be made without the expenditure of an amount disproportionate to the value of the repaired vessel, and that then the vessel was towed to New York, and after a similar investigation and determination the vessel was sold at her fair valuation for $1,850; that the reasonable expense of towing to New York, and expense of sale, amounted to $1,296.53, leaving $553.47 a net yield, and the sum of $305.69 is the interest of the owners in the freight then pending.

Upon this petition an order was made requiring the payment of these amounts into the registry of the court, and enjoining the further prosecution of the libel by the master of the Ethelstan and monition issued. The proctor for the Ethelstan moved to dismiss the libel for limitation of liability and for the issue of execution on decree. He also on the same day filed exceptions to the libel and petition.

[1] The grounds of the motion to dismiss may be stated as: (1) That the act of Congress has not been complied with by claimant; (2) the libel was not seasonably filed; and (3) claimants waived the right to such limitation of liability.

As I understand the contention of the movant, it is that the claimant, having failed to have the Morgan appraised by the court and pay the appraised value into the registry, or given stipulation therefor, or surrender the vessel to a trustee, but in lieu of either such proceedings took her to New York and there sold her, and paid into the registry of this court the amount of said sale, towage and expenses of sale deducted, and having waited until decree entered before filing the libel, thereby forfeits the right to such limitation and the relief prayed.

I have not only examined the authorities referred to in the briefs of proctors, but also the authorities referred to in the note to the section in the Federal Statutes Annotated, vol. 4, page 839 et seq., and I

am of opinion that the right secured to the shipowner by the section is not waived by failure to assert it before decree is entered. Nor do I think that his failure to pursue strictly the procedure outlined in the sections bearing upon said right, and Rule in Admiralty 54 et seq., cause for dismissal of the libel. The motion to dismiss will therefore be denied.

[2] The exceptions filed in some instances raise the same questions raised in the motion to dismiss, and attack the sufficiency of the libel on various other grounds. As I understand the statute and authorities, the provision for limiting the liability of the shipowner to the value of the vessel and the freight then earned was intended to encourage the investment of capital in such ventures. The American rule is that this value is to be determined at the end of the voyage on which the collision occurred and damage was done; that the methods pointed out in the statute and rules are not exclusive, but that, the libel having been filed, the admiralty court has jurisdiction to proceed to ascertain this value by procedure proper under the circumstances of the particular case, preferably, if possible, by appraisement or sale under order of the court. The principal object of the statute is to change the common-law liability, and restrict the liability of the shipowner to the value of the vessel at the termination of the voyage and the earned freight.

[3] The exceptions filed are 32 in number, and to discuss each one would consume more time than could be reasonably given to them. The sixteenth and eighteenth exceptions, it seems to me, are well taken. These exceptions raise the question whether the towage charges to New York can be deducted from the gross amount of sale, and the claimant be relieved from liability by the payment of the balance into court. As said before, the value is to be determined as of the termination of the voyage. The voyage was terminated at Jacksonville, in April, 1913, and that is the time at which the value is to be determined. The owners saw fit to have the vessel towed to New York, and there sold her at what is alleged as a fair and reasonable value. It does not appear that her value in New York was other than or different from her value in Jacksonville. Under these circumstances it appears to me that under the allegations of the libel the court, in the absence of any other showing, would be justified in finding her value at the amount she was sold for, to wit, $1,850. If her value was more, it could be ascertained under the usual proceeding in admiralty on proper pleading.

It is my judgment, therefore, that the claimant should within a short day deposit in the registry of this court a sum sufficient with that already deposited to make up the amount of $1,850, in addition to the freight. The said sixteenth and eighteenth exceptions will therefore be sustained. The other exceptions will be overruled.

As to the motion that execution issue upon the stipulation, it seems to me that said motion should be denied, at least until the question of the limitation of liability is disposed of. Said motion will therefore be denied. Norwich Co. v. Wright, 13 Wall. 128, 20 L. Ed. 585.