THE ELFRIDA.
SCHOONMAKER–CONNERS CO., Inc., v. DOWNING SAND & GRAVEL CO. et al.

(District Court, E. D. New York. July 7, 1926.)

No. 8272.

1. Shipping ⬤⟲58(2).

Under charter of lighter, returnable in same condition, less ordinary wear, owner must prove negligence to recover for injury.

2. Shipping ⬤⟲205—Charterer of lighter, injured by collision with its tug, held entitled to limit liability (Rev. St. § 4283 [Comp. St. § 8021]).

In suit by owner against charterer of lighter to recover for its injury in collision, through alleged negligence of charterer's tug, the liability of charterer is as owner of the tug, and it may limit its liability under Rev. St. § 4283 (Comp. St. § 8021), by showing that the damage was without its privity or knowledge.

In Admiralty Suit by the Schoonmaker-Conners Company, Inc., against the Downing Sand & Gravel Company, and the steam tug Elfrida. On motion to sustain exceptions to answer of respondent corporation. Motion denied.

William F. Purdy, of New York City, for libelant.

Bigham, Englar & Jones, of New York City, for respondents.

MOSCOWITZ, District Judge. This is a motion made by the libelant to sustain the exceptions to the answer of the Downing

Sand & Gravel Company. The libel alleges that the lighter Columbia, owned by the libelant, was chartered to the respondent Downing Sand & Gravel Company under an oral charter, confirmed in writing on May 7, 1925. On May 21, 1925, it is alleged that the steam tug Elfrida, having the lighter Columbia in tow, carelessly backed up and came into collision with the bow of the Columbia, damaging it.

The amended answer of the respondent asserts that the damage was done without privity or knowledge of the respondent, and claims the benefit of sections 4283 to 4286 of the United States Revised Statutes (Comp. St. §§ 8021–8024), limiting the liability to the value of its interests in the tug Elfrida and her freight pending. Libelant contends that, since this is a charter contract, the claimant cannot limit its liability. It cannot be reasoned, because the United States Supreme Court held, in Pendleton v. Benner Line, 246 U. S. 353, 38 S. Ct. 330, 62 L. Ed. 770; and Luckenbach v. McCahan, 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, 1 A. L. R. 1522, that the owner cannot limit his liability for a breach of covenant of seaworthiness, that the owner for any breach in a contract cannot limit his liability, whether or not the act which caused the damage was done with the privity of the owner.

[1] The agreement in part states in effect that the lighter is to be returned in the same condition as she is now, less ordinary wear and tear. The respondent is liable for damages to the Columbia only when the libelant proves that the respondent negligently injured the lighter. The Raymond White (D. C.) 290 F. 455, affirmed by the Circuit Court of Appeals without opinion, 296 F. 1023; Schoonmaker-Conners Co., Inc., v. Lambert Transport Co. (C.C.A.) 268 F. 102.

[2] The statute upon which the respondent relies for limitation of liability reads as follows:

"Liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, lost, damaged, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." Revised Statutes, § 4283.

The liability of the respondent is a liability as owner of the tug Elfrida for injury

by collision, and if the respondent can prove that the loss occurred without its privity or knowledge it is entitled to the benefit of the statute.

Motion is denied.