# THE NORCO.*

## NORTHLAND TRANSP. CO. v. LARSEN.

### No. 7036.

Circuit Court of Appeals, Ninth Circuit.
Aug. 21, 1933.

Bogle, Bogle & Gates, Lawrence Bogle, Cassius E. Gates, and Edward G. Dobrin, all of Seattle, Wash., and James M. Wallace and John H. Black, both of San Francisco, Cal., for appellant.

Vanderveer & Bassett, of Seattle, Wash., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellant brought this proceeding in admiralty for the limitation of its liability for an accident occurring on board the Norco, a vessel chartered by the appellant, Northland Transportation Company. The petition alleged that on July 20, 1931, while the vessel

*Rehearing denied October 30, 1933.

was loading at the port of Seattle, Chris Larsen, while engaged in loading said vessel as a member of the crew thereof, suffered personal injuries; that the injured seaman brought an action in the superior court of the state of Washington for King county to recover $25,-000 damages by reason of the injuries received through the alleged negligence of a winch driver in operating the winches, as result of which the seaman was thrown through an open hatchway and injured; that a verdict and judgment in said action in the superior court of King county was rendered on September 27, 1932, in favor of the seaman and against the petitioner for the sum of $12,500, with interest and costs; that the value of the interest of petitioner in the vessel, her machinery, tackle, etc., together with all freight and passenger moneys pending on said voyage, amounted to $4,651.98, of which $3,856 was the amount of freight and passenger moneys pending on the voyage; that the vessel was staunch and seaworthy and well and sufficiently supplied, manned, and equipped, etc.; and that the injury was without the consent or privity or knowledge, design, or neglect of the petitioner, or any of its directors, officers, agents, or servants. Petitioner claims the right to have its liability limited to the value of the vessel, etc., and prayed for appropriate relief. Rev. St. §§ 4282 to 4289; 46 USCA §§ 182–188, 175.

Appellee filed exceptions to the petition for limitation of liability upon the ground that it did not state facts sufficient to entitle the petitioner to a limitation of liability, and that by reason of the failure and refusal of the petitioner to claim limitation of liability in the superior court of Washington for King county it had waived its right to limitation of such liability. The appellee also filed a demurrer and motion to dismiss upon the same grounds and upon an affidavit thereto attached, which affidavit set forth the pleadings in the action in said superior court. It appears therefrom that the appellee, plaintiff therein, counted upon the negligence of Ernest Doe in operating a winch on board the vessel Norco while it was moored at Pier No. 5 in the city of Seattle preparatory to loading cargo. The answer of the Northland Transportation Company, appellant herein, and defendant therein, consisted of a general denial, a plea of contributory negligence, and a plea of assumption of risk.

The District Court sustained the appellee's contentions and dismissed the proceedings upon the ground, as stated in the order of dismissal, that, by its failure to make any claim of its right to limit its liability in the.

common-law action in the superior court, the petitioner waived such right, and that all matters pertaining to the merits of said common-law action, including petitioner's right to limit its liability, were res adjudicata. Petitioner appeals from the decree of dismissal.

It has been held in many instances by District Courts sitting in admiralty and by Circuit Courts of Appeals reviewing those decisions that the right of the owner to limit his liability is in no wise affected by the fact that the claim against him had been prosecuted to judgment in a common-law court, and that a judgment had been rendered in that court for the full amount of the injury without reference therein to the limitation of the owner's liability, as provided by federal law. The S. A. McCaulley (D. C.) 99 F. 302; In re Old Dominion (D. C.) 115 F. 845; Gleason v. Duffy (C. C. A. 7) 116 F. 298; The Ocean Spray (D. C. Cal.) 117 F. 971; In re Starin (D. C. N. Y.) 124 F. 101; The City of Boston (D. C. Mass.) 159 F. 257; The Hoffmans (D. C. N. Y.) 171 F. 455; In re P. Sanford Ross (D. C. N. Y.) 196 F. 921; The Victor (D. C. N. Y.) 1 F. Supp. 931. It has been so decided by this court in Strong v. Holmes (C. C. A. 9) 238 F. 554. Also, it has been held that the admiralty court, after a decree fixing the responsibility for the injury, may entertain a petition for the limitation of the liability of the owner to the value of the vessel, etc., although the owner had not theretofore raised the question in the admiralty court. The Benefactor, 103 U. S. 239, 26 L. Ed. 351; The Monongahela River Consol. Coal & Coke Co. v. Hurst (C. C. A.) 200 F. 711; The Defender (D. C.) 214 F. 316; The Ethelstan (D. C.) 246 F. 187. It appears from these cases that the proceeding to limit the owner's liability is separate and distinct from the common-law remedy, or the question of liability in admiralty.

Appellee claims that these cases are not authority upon the proposition involved here, by reason of the fact that the question of whether or not the judgment of the common-law court was res adjudicata as to the amount of the claim was not raised in those cases. If not specifically raised, it was necessarily and obviously involved, and these decisions must be taken as authority for the proposition that the judgment of the common-law court fixing the amount of the damage and the responsibility of the owner therefor is not res adjudicata as to the right of the owner to limit his liability in the subsequent proceeding in an admiralty court, where the question was not raised in the common-law action.

Appellee contends that in any event these decisions in effect have been overruled by Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, and Ex parte Green, 286 U. S. 437, 52 S. Ct. 602, 603, 76 L. Ed. 1212. It was said in the latter case (Ex parte Green), referring to the former case (Langnes v. Green): "It is clear from our opinion that the state court has no jurisdiction to determine the question of the owner's right to a limited liability, and that, if the value of the vessel be not accepted as the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case."

In what way did the claimant "accept" the value of the vessel as the limit of the owner's liability? He sought and secured a judgment for more than twice the value of the vessel, etc. The net result of these two decisions is that the Supreme Court holds that the District Court sitting in admiralty has exclusive jurisdiction to determine all the questions involved in a proceeding for the limitation of liability. These questions include, first, the question of responsibility of the owner of the vessel for the negligence upon which the claimant relies; second, if not personally responsible, the amount to which the recovery of the claimant should be limited, which requires the fixing of the value of the vessel, its appurtenances, freight, etc.; third, the application of that value or, at the election of the petitioner, the application of the proceeds of the sale of the vessel to the claim. Admiralty Rule 51 (28 USCA § 723). The appellee necessarily concedes this obvious result of these decisions, but contends that, inasmuch as the Supreme Court in Langnes v. Green, supra, acknowledges the power of the superior court to recognize the right of the owner to limit his liability by appropriate proceedings in the superior court, it necessarily follows that that court had jurisdiction of the matter, provided, however, in view of the later decision in Ex parte Green, supra, that the question was not contested in the superior court. Consequently, appellee claims that, since he did not contest the right to limit the liability, but on the contrary admitted that right by counting on the negligence of a fellow servant in his complaint in the superior court, making it appear on the face of the complaint that the owner was entitled as a matter of right to limit its liability in that superior court action to the value of the vessel, etc., the owner's failure to claim that right in that action operated as a waiver of the right and, also, resulted in an estoppel by the judgment rendered therein. This contention is based on the principle that

a judgment estops the parties, not only as to all things which were in fact adjudicated therein, but also all things which might have been adjudged therein.

Parties are not required to set up and litigate rights over which the court had no jurisdiction in order to protect themselves in enforcing their rights in a court which has jurisdiction. Ash Sheep Co. v. United States, 252 U. S. 159, 40 S. Ct. 241, 64 L. Ed. 507; T. B. Harms & Francis, Day & Hunter v. Stern (C. C. A.) 229 F. 42; 34 C. J. 935, § 1339.

We conclude that the judgment of the superior court fixing the amount of the claimant's injuries and awarding a judgment for the value thereof is not res adjudicata as to the right of the owner, by appropriate proceedings in an admiralty court, to limit the recovery to the value of the vessel, etc., where there was no attempt to raise that question in the superior court. We need go no further in this matter.

The remaining question, if it is a separate and distinct question, is as to whether or not the owner, who has the right to set up its claim to the limitation of liability in the state court, is deemed to have waived that right by reason of its failure so to do, and by reason of allowing the case to proceed to judgment without at any time invoking the principle of limited liability. We are unable to perceive upon what ground a waiver can be predicated where the owner was under no obligation to submit to the superior court its claim to a limitation of liability over which that court had no jurisdiction. By not raising the question at all in the superior court the owner allowed the claimant to have the full benefit of the common-law remedy, including a jury trial. Failure to raise this question in the state court, thus giving full recognition to claimant's common-law right to a trial by jury, was a wise and generous recognition of that right, permitting, as it did, the trial of the question of negligence before a jury unhampered by any of the questions peculiarly cognizable in the admiralty court. We conclude, then, that there is nothing in the decisions of the Supreme Court in Langnes v. Green, supra, or Ex parte Green, supra, inconsistent with the right of the appellant to subsequently litigate the question of limitation of liability in the admiralty court, on the contrary, that this is the purport and effect of those decisions. The decisions of the Supreme Court in Langnes v. Green and Ex parte Green are in full accord with the earlier decisions holding that the question of the owner's right to limit his liability was not prejudiced by a judgment at law or a decree in admiralty fixing the amount of the claimant's recovery, if the right to limit liability was not theretofore presented. See, also, In re Moran Bros. Contracting Co. (D. C.) 1 F. Supp. 932; and The Kearny (D. C.) 3 F. Supp. 718, 1933 A. M. C. 705.

Decree reversed, and case remanded for further proceedings in accordance herewith.