## THE FORT BRAGG.

### In re BEADLE.
### No. 21474.

District Court, N. D. California, S. D.
Sept. 25, 1933.

Sawyer & Cluff, of San Francisco, Cal., for petitioner.

A. Don Duncan, of San Francisco, Cal., for respondent and claimant Alfred Spencer.

KERRIGAN, District Judge.

The petitioner is the charterer pro hac vice of the Fort Bragg. He was sued in the California courts by the claimant, a seaman working on the boat, and judgment was recovered against him. The action was brought under the Jones Act (46 USCA § 688) for

negligence. Petitioner has appealed from the judgment, and the appeal is now pending. By his petition, petitioner seeks in this proceeding to limit his liability on the judgment to the value of his interest in the vessel as charterer. The matter is before me upon exceptions to the petition, upon motion to dismiss the petition, and upon motion to dissolve the restraining order.

In these several matters there are three issues involved. The first is: Did the petitioner waive his right to limit liability in this court by failing to set up the defense of limitation of liability in the state court? The second is: Must the petitioner pay the costs of the claimant in the state court action as a condition of maintaining these proceedings? The third is: Does the charterer have to surrender the entire value of the vessel and freight or merely his interest therein?

■ The first question has been answered by the recent ruling of the Circuit Court of Appeals for the Ninth Circuit in The Norco, 66 F.(2d) 651, 652, decided August 21, 1933. It was there held that the failure of the defendant to set up limitation of liability as a defense in the state court action did not amount to a waiver of his right to proceed in the admiralty court at a subsequent date to limit his liability, on the ground that "the District Court sitting in admiralty has exclusive jurisdiction to determine all the questions involved in a proceeding for the limitation of liability." The failure to set up a defense of which a court has not jurisdiction neither makes it res judicata nor waives the right to later assert it in appropriate proceedings. See Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, as interpreted in Ex parte Green, 286 U. S. 437, 52 S. Ct. 602, 76 L. Ed. 1212.

■ As to the second question, the petitioner should not be required to pay the costs of claimant in the state court as a condition to the maintenance of these proceedings. The theory of the cases requiring the payment of claimants' costs is based on laches: That the shipowner, by failing to begin limitation proceedings until after the prosecution of the action at common law, has permitted the claimant to incur the expenses in the other court by reason of his delay, and therefore the court should require the payment of these costs as a condition of the maintenance of the limitation proceedings. See Gleason v. Duffy (C. C. A.) 116 F. 298; The Ocean Spray (D. C. this District) 117 F. 971; Monongahela River Consol. Coal & Coke Co. v. Hurst (C. C. A.) 200 F. 711. Since it has been clearly established by Ex parte Green, supra, and The Norco, supra, that the common-law or statutory rights of the claimant to a determination of the questions of existence of and amount of liability are independent of the owners' right to limitation of liability and that the admiralty court has no right to interfere with the proceedings in the state court, unless it attempts to determine issues properly cognizable only in proceedings to limit liability, the fact that the owner had not earlier exercised his rights in no way affected the proceedings in the state court.

■ As to the third question, it is contended by the petitioner that he is only required to surrender his interest in the vessel arising from the charter and the pending freight which is due him. The interim stipulation now on file provides for such amount.

The governing statute is section 186 of title 46 USCA, which provides: "The charterer of any vessel, in case he shall man, victual, and navigate such vessel at his own expense, or by his own procurement, shall be deemed the owner of such vessel within the meaning of the provisions of this chapter relating to the limitation of the liability of the owners of vessels; and such vessel, when so chartered, shall be liable in the same manner as if navigated by the owner thereof."

It would seem apparent from the last clause that the vessel or its value is the measure of the charterer's liability. Were it not for this statute, the charterer would be liable for the full amount of the judgment against him. The effect of the statute is to enable him to limit his liability provided he does as the owner is required to do under section 183 of the same title. He must surrender the vessel or its value. It has been held that, under the provisions of this section, the charterer as the owner pro hac vice, and not the owner, is the party responsible for the torts of the vessel. Thorp v. Hammond, 12 Wall. 408, 20 L. Ed. 419; The Barnstable, 181 U. S. 464, 21 S. Ct. 684, 45 L. Ed. 954. See the Elfrida (D. C.) 14 F.(2d) 237. Furthermore, the charterer's interest in the vessel is contractual, and consists merely in the right to use it under the terms and conditions of the charter party. He has nothing commonly regarded as an interest in the ship. If, then, petitioner's contention were adopted, one having a claim recoverable to the extent of the value of the vessel, had it been operated by the owner, would be limited to the recovery of the nominal interest of the charterer and the freight, and at the same time would have no right of action against the owner. Such

a construction is not warranted by the language of the statute, and its adoption would practically nullify the right of recovery of any sizable claim falling within the limitation statutes where the vessel is chartered. It is my view that the charterer is the owner pro hac vice, and must surrender the vessel and freight pending at the end of the voyage or its value.

It is ordered that the ad interim stipulation for value be increased to include the value of the vessel and freight pending at the end of the voyage or that the vessel be surrendered into the custody of the court; and it is further ordered that the matter of the appraisal of said vessel be re-referred to Ernest E. Williams, Esq., as special commissioner, in accordance with these views.

It is further ordered that the motion to dismiss and the motion to dissolve the restraining order be, and they are hereby, denied. It is further ordered that the exceptions to the petition be, and they are, overruled, and ten days are granted to answer.