**Petition of CANADA S. S. LINES, Limited.**
No. 3508.

United States District Court
N. D. Ohio, E. D.
June 8, 1950.

Lee C. Hinslea, Lucian Y. Ray, Cleveland, Ohio, Frank Wilkinson, McMillan, Binch Wilkinson, Stuart, Berry & Wright, Toronto, Ont., for plaintiff.

M. C. Harrison, W. K. Thomas, S. Eldridge Sampliner, Cleveland, Ohio, Jacob Rassner, New York City, for defendant.

Elmer H. Groefsema, Kenneth C. Davies, Detroit, Mich., W. Alexander Eldridge, Victor M. Todia, J. Harold Traverse, Cleveland, Ohio, for Noronic Survivors Committee.

JONES, Chief Judge.

This is a petition in admiralty for exoneration from or limitation of liability, pres-

ently before the Court for consideration of certain claimants' special appearance on exceptions to jurisdiction over them. The matter has been heretofore fully briefed and recently argued orally. There is no substantial controversy over facts.

The petition and stipulation for petitioner's maximum liability with approved surety were filed on November 25, 1949. The monition issued November 30, 1949 and notice was published in several newspapers on December 5, 1949 and every seventh day thereafter until March 27, 1950. The date of the second publication was December 12, 1949.

It is conceded that petitioner filed its petition and stipulation with approved surety well within the six-month period provided in 46 U.S.C.A. § 185. However, the claimants contend that petitioner did not comply with the requirements of Rule 51, Admiralty Rules, as amended June 21, 1948, 28 U.S.C.A.; and that is the chief ground of their exceptions. It is apparent that (1) the monition did not direct persons asserting claims to file their claims with the Clerk of Court, and to mail a copy of each claim to the proctor for the petitioner; but it did direct the claimants to file claims with this Court through a Commissioner, where, by Rule 52, they eventually are to be proved (third paragraph, Rule 52); (2) the notice of the monition published in the newspapers was not in the same form as the notice found in Rule 51, but it is substantially the same, and that is all that is required; (3) petitioner, not later than the day of the second publication, December 12th, did not (a) mail a copy of the notice to every person known to have made any claim in writing, (b) in cases involving death, mail a copy of the notice with a copy of Rule 52 to every decedent at his last known address, (c) in cases involving death, mail a copy of the notice with a copy of Rule 52 to every person known to have a claim on account of the death of the decedent. For the purpose of decision we may assume that all the exceptors herein gave petitioner written notice of their claims before December 12th and that petitioner failed to mail the required notice to all of the exceptors. Petitioner, however, asserts that notice to all known claimants was given, although not strictly in accordance with Rule 51, and has submitted affidavits to that effect.

It also may be assumed for the purpose of decision that the omissions in the monition and notice of monition are such that it can be said that petitioner has not followed the procedure outlined in Rule 51. Frankly, the petitioner followed the old procedure, and overlooked the 1948 amendments.

During oral argument exceptors receded from the position taken in their briefs, that all proceedings for limitation of liability under Section 185 and the admiralty rules must have been accomplished within six months.

But claimants contend that a valid monition must have issued, or a defective monition must have been corrected, within the six months provided by Section 185 for filing the limitation petition.

Briefly stated the excepting claimants mainly now contend (1) that petitioner's failure to comply with Rule 51 is fatal to contingent jurisdiction and calls for dismissal; (2) that granting the petitioner the right to retrieve its jurisdictional status by the proposed issuance of new monition and notices would be the same as permitting the commencement of a new action, barred by the six-months limitation.

Save for an impressive briefing of the question and serious insistence upon oral argument I should not have thought there could be any doubt about the matter.

This special statute, Section 185, Title 46, for initiating limitation actions in admiralty has in it such clear and express provisions for complete and exclusive jurisdiction, that once attaching, no subsequent procedural irregularity, subject to correction, would be fatal to that jurisdiction.

Even those who press this motion must concede that this statutory proceeding is intended and designed for the marshalling of all claims against the vessel and owner, and for the purpose of their complete and final disposition whether limitation ultimately is or is not granted.

Jurisdiction does not depend upon personal or constructive service. The notice required by issuance of monition is not service of process in the civil sense,—it is what the word means,—actual or constructive notice or warning to all potential claimants of the pendency and conclusive character of the proceeding.

The purpose of the recent amendments to Rule 51 was to prevent default for failure to file claims.

Exceptors, at great length in their briefs, developed the theory that the new requirements in Rule 51 are jurisdictional in nature. This, it seems clear to me, is not the case although decision does not wholly depend on such a determination. The same result would be reached however the requirements of Rule 51 may be defined and applied.

The courts apparently acquire jurisdiction when the petition and stipulation are filed. Section 185, Title 46 U.S.C.A. definitely so provides.

In Re Morrison, 147 U.S. 14, at page 34, 13 S.Ct. 246, at page 253, 37 L.Ed. 60, it was stated that: "(3) The filing of the libel and petition of the steamship company, with the offer to give a stipulation, conferred jurisdiction upon the court * * *."

In 2 Benedict on Admiralty at page 343 it is stated that: "The shipowner petitioner, by giving the stipulation * * * gives the court jurisdiction of the property or fund. In The Princess Sophia, D.C., 36 F.2d 591, it was said that this action does not give the court jurisdiction over the damage claimants. On the other hand it was said in The Miramar, D.C., 31 F.2d 767, that when the petitioner elects to resort to a limitation proceeding, the result of his action is to bring the claims that are asserted against him into the jurisdiction of the admiralty court and to subject them to the law administered in that court."

And certainly it is not necessary to meet all the requirements of Rule 51 before jurisdiction is obtained by the court. Rule 51 before its amendment conferred jurisdiction upon the court without notice to each claimant even though a publication was required. Section 185, however, clearly indicates that the court has jurisdiction when the petition is filed since at that time all other proceedings and claims cease. At best the new requirements, if contingently jurisdictional, and not observed, only can oust the court of jurisdiction acquired when the petition and stipulation were filed. Even this construction is not tenable under the history of the amendments.

In the Petition of Goulandris, 2 Cir., 140 F.2d 780, 782, the court expressed its dissatisfaction with the old Rule as follows: "Adverse claimants need be given no notice of the filing of the limitation petition, nor is it feasible for them to try to learn of it from the records of the district courts. Admiralty Rule 54 * * * permits the limitation proceedings to be had in the district court of any district in which the vessel may be, if the vessel has not been libeled nor the owners sued in a district where she is. Consequently unless claimants should investigate the court records in every district into which the vessel might go during the six months period, they could not ascertain whether or not a petition had been filed."

The district courts of New York then called the matter to the attention of the American Maritime Law Association of the United States. In its Document No. 301, June 1945, it is stated: "Early last summer Judge Knox * * * became disturbed about collisions in convoy and other service accidents to vessels with the possibility of claims for loss of life or personal injury to seamen * * *, whose homes might be at a distance in the interior of the country and where limitation proceedings were unknown, being foreclosed because of failure to file claim, due to the lack of proper legal advice * * *. He was authorized to appoint a Committee to look into the matter and see what arrangements could be made * * * to insure that claimants for personal injury and loss of life * * * should have proper notice of such proceeding and an opportunity to obtain proper legal advice * * *. Your President appointed such a Committee which suggested certain changes in the rule, which they sub-

mitted to Judge Knox and which he had adopted * * *."

These changes made in the district court rules were carried over into the Admiralty Rules by the recent amendments.

■ This history does not indicate that the changes were made with the intent of providing for service of process by extensive publication. The courts apparently felt that they had jurisdiction and they were attempting to prescribe new procedures by which claimants would receive information as to their legal rights and duties. It was felt that ignorance of admiralty procedure was causing many claimants to suffer default and the new requirements, if followed, provide the claimant and his attorney ample information of the limitation action and what procedure to follow to prevent default. Such an interpretation will give full effect to the amendments, and I feel it unwarranted and unjustifiable to hold that the amendments are jurisdictional in nature and provide for service of process by publication.

The failure to carry out the requirements of Rule 51 only stays the contest as to liability. See Rule 53, which demonstrates what I believe to be the proper result. It is there stated that the owner shall be at liberty to contest his liability provided he has complied with the requirements of Rule 51. This clearly provides that if he has not complied with that Rule, the monition is ineffective and the limitation proceeding will be stayed until a new monition is issued and the notice requirements met.

It should also be noted that Rule 53 is the only Rule which mentions in any way the effect of a failure to comply with Rule 51. The fact that dismissal is not mentioned is additional reason for holding that the amendments were not meant to deprive the petitioner of its right to limitation if it failed to follow Rule 51.

■ Thus it is clear from the history of admiralty rules and amendments that they were intended and designed to preserve the rights of persons having potential or actual claims against the petitioner, and failure to follow explicitly the provisions of such rules

does not, as to those whose rights are in no way prejudiced, denied or barred, result in failure of the entire proceeding and render it a nullity from the beginning.

It well may be that failure finally to observe the provisions of the rules could result in dismissal of the proceeding; and the admiralty court having taken jurisdiction may require fulfillment of the rules as a condition for the retention of much jurisdiction, as is provided by Rule 53. However, save as to parties who have been barred or denied the right to file, prove and press their claims, the rules are procedural and not jurisdictional.

The court has the power to allow the issuance of a new monition, notice of monition and notice to claimants.

Rule 53, as pointed out above, indicates that corrective steps may be taken if at first petitioner has not followed Rule 51.

There is also some case authority for this position. In Re Morrision, supra [147 U.S. 34, 13 S.Ct. 253, 37 L.Ed. 60], it was stated: "(3) The filing of the libel and petition of the steamship company, with the offer to give a stipulation, conferred jurisdiction upon the court, and no subsequent irregularity in procedure could take away such jurisdiction."

In The Ethelstan, D.C., 246 F. 187, 189, the court held that: " * * * Nor do I think that his failure to pursue strictly the procedure outlined in the section bearing upon said right, and Rule in Admiralty 54 et seq., cause for dismissal of the libel."

If subsequent irregularities do not deprive the court of jurisdiction, it would follow that the court can order the irregularities corrected. 2 Benedict, 6th Ed., Sec. 223, page 30.

■ In The Chickie, D.C., 39 F.Supp. 200, the petitioner failed to cause a monition to issue or to have a commissioner appointed before the six months had elapsed. Nevertheless, it was held that petitioner could still proceed in accordance with the statute. I see no reason why the result should be different in a case where, before the six-months period ended, the petitioner had caused a defective monition to issue and it

had failed to mail the required notice and in the case where no action at all was taken before the six months ended. In either event petitioner is still entitled to proceed in accordance with the statute and rules.

A different result would follow if there were a limitation period within which the monition and notice of monition or notice to claimants had to issue. As pointed out earlier no such limitation exists.

■ Reflection upon one of the exceptors' main grounds for dismissal, that admiralty jurisdiction does not completely or finally attach where there is failure to follow strictly the admiralty rules,—leads me to the conclusion that admiralty jurisdiction is not analogous to that in civil actions where jurisdiction is contingent upon valid service of process on the person sued.

■ In admiralty, compliance with Section 185, 46 U.S.C.A., confers jurisdiction which is not lost by omission of some requirements of the admiralty rules. Proceedings to contest limitation only may not go forward until and unless Rule 51 is complied with—see again Rule 53.

■ Issuance of a new monition where there has been a failure fully to comply with Admiralty Rule 51 does not have the effect of, and is not, in my considered judgment, the commencement of a new limitation action.

It might also be claimed that this ruling will lead to defective procedure whenever the petitioner wishes to delay. The additional cost petitioner must bear and the threat of dismissal if the petitioner refuses to correct the defective procedure upon court order would seem sufficient to prevent any such abuse.

In this view of the matter it is my opinion that Rule 51 only can be followed if the court issues a new monition and orders the petitioner to publish notice of monition and to give notice to the claimants, all in accordance with Rule 51, as the petitioner now has proposed to do, and it is so ordered.

The Commissioner will transmit all claims filed with him to the Clerk and claims not already filed with the Commissioner, hereafter shall be filed with the Clerk. Under Rule 52 (third paragraph) all claims ultimately must be proved before the Commissioner, to whom they will be referred when proof is in order.

Reasonable compensation should be made to the Commissioner for any service thus far performed and any expense incurred by him, to be paid by the petitioner.

Exceptions may be entered in behalf of objecting claimants.