Carlissa CHURCHILL, Personal Administratrix of the Estate of Patrick Churchill, Deceased, and; Dale Carlough, Plaintiffs–Appellants,

v.

The F/V FJORD, et al., Defendants–
Appellees.

No. 91–35998.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1993.

Decided Sept. 17, 1993.

Gerald W. Markham, Kodiak, AK, for plaintiffs-appellants.

Daniel T. Quinn, Richmond & Quinn, Anchorage, AK (argued) and Michael H. Williamson, Madden, Poliak, McDougall and Williamson, Seattle, WA, for defendants-appellees.

Before: SCHROEDER, FLETCHER and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Carlissa Churchill, personal administrator of the estate of Patrick Churchill, and Dale Carlough ("Claimants") appeal from the order granting exoneration of the limitation bond posted by vessel owner William McLinn in this wrongful death and personal injury action. The Claimants contend the district court erred in granting the motion for exoneration, notwithstanding the fact the vessel owner and the vessel were found not liable, because the fund represented by the bond should have been applied to satisfy the judgment obtained against the operator of the vessel. We affirm because the Limitation of Liability Act of 1851, 46 U.S.C.App. §§ 181–195 (hereinafter "the Act"), does not authorize a court to use a bond posted pursuant to the Act to satisfy a judgment obtained against a third person who operated a skiff without the owner's consent.

## I.

The Claimants filed an admiralty action in the United States District Court for the District of Alaska for wrongful death and personal injury arising from the collision of two skiffs. The Claimants also alleged pendent state claims. The Claimants eventually settled their claims against all parties except the F/V Fjord, a vessel involved in the accident, William McLinn, the owner of the F/V Fjord, and Russell McLinn, William's son and the operator of the skiff at the time of the accident.

After the Claimants had filed their action, William McLinn filed a complaint for limited liability pursuant to section 185 of the Act. The Claimants then moved to dismiss the limitation complaint unless William McLinn posted a bond in an amount equal to the value of the F/V Fjord, its gear, and its freight. The Claimants' motion was denied as moot because William McLinn posted a bond in the amount of $36,000, including interest from the date the bond was posted, before the court ruled on the Claimants' motion.

## II.

We previously affirmed the district court's ruling that William McLinn and the F/V Fjord were not liable to the Claimants for their injuries because. Russell McLinn was not in lawful possession of the skiff at the time of the accident. *Churchill v. The F/V Fjord,* 892 F.2d 763, 767–70 (9th Cir.1988), *cert. denied,* 497 U.S. 1025, 110 S.Ct. 3273, 111 L.Ed.2d 783 (1990). Although the evidence showed that Russell McLinn was a crew member of the F/V Fjord, we upheld "the district court's implicit finding that he was not in lawful possession of the skiff." *Id.* at 768. We concluded that Russell McLinn had no authority to use the skiff at the time of the accident. We characterized his operation of the skiff as being "like that of a mutineer, pirate, or thief." *Id.* We also affirmed the district court's ruling that Russell McLinn was liable for the accident. *Id.* at 772. Upon remand, the Claimants were awarded judgments in the amount of $1,048,026.07 against Russell McLinn.

After William McLinn and the F/V Fjord were found not liable, William McLinn moved for exoneration of the limitation bond. The district court granted the motion, but stayed exoneration of the bond pending this court's decision in this appeal.

## III.

We must decide whether the Act permits a plaintiff in a wrongful death action to use the limitation bond posted by a vessel owner to satisfy a judgment against a separate defendant who was not in lawful possession of the vessel at the time of Claimants' injuries. Because this is a question of statutory interpretation, we review the district court's ruling *de novo. Stone v. Paradise Holdings, Inc. (In re Paradise Holdings, Inc.),* 795 F.2d 756, 760–61 (9th Cir.), *cert. denied,* 479 U.S. 1008, 107 S.Ct. 649, 93 L.Ed.2d 705 (1986).

Section 183 of the Act provides, in pertinent part, that "[t]he liability of the owner of any vessel . . . for any loss, damage, or injury by collision, . . . [shall not] exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C.App. § 183. Section 185 of the Act allows the owner of a vessel to petition to limit his liability, and in lieu of surrendering his ship to the custody of a court appointed trustee, "deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor." *Id.* at § 185.

"[T]he Act permits a shipowner not personally at fault to limit his liability to his interest in his ship." *Paradise Holdings,* 795 F.2d at 761. The purpose of the Act "is to encourage shipbuilding, to promote investment in ships and employment of ships in commerce, and to place American shipping interests on an equal footing with that of other maritime nations." *Id.* The Act requires that all claims against an owner be aggregated and decided at one time under the substantive and procedural rules of admiralty law. *Id.* Once a vessel owner files a limitation bond, the owner is entitled to an injunction enjoining any other actions involving the claims being litigated in the limitation action. *Id.*

The posting of a bond permits the vessel owner to free the ship and its freight from the court's custody during the limitation action. *See, e.g.,* 46 U.S.C.App. § 185 (owner of a vessel can either transfer her interest in the ship and its freight to a trustee in the limitation action or post a bond equal to the value of the owner's interest in the vessel and its freight); 3 Aileen Jenner et al., *Benedict on Admiralty* § 14, at 2–12 (7th ed. 1993) (vessel owner desiring to keep his or her ship in operation during the limitation action must post a bond equal to the value of the vessel and its freight).

We held in *Paradise Holdings* that a district court has discretion to stay a state court action against a ship's captain and crew until the owner's limitation action is completed. *Paradise Holdings,* 795 F.2d at 763. The Claimants contend that because they were precluded from bringing a separate action against Russell McLinn in state court, equity requires that the bond be used to satisfy the judgment against Russell McLinn even though the district court held that William McLinn and his vessel were not liable. We rejected a similar argument by the Claimants

in *Churchill v. F/V Fjord* as being factually inaccurate. We noted in *Churchill* that it is not true that the Claimants were forced into a federal admiralty court. 892 F.2d at 769. We pointed out that the Claimants "selected the federal forum in the first instance, and repeatedly designated their complaint as arising in admiralty." *Id.* We held in *Paradise Holdings* that the district court did not abuse its discretion in staying a state court proceeding pending outcome of federal limitation action. 795 F.2d at 763. Nothing we stated in *Paradise Holdings* prevented the Claimants in this matter from filing a state court action against Russell McLinn.

## IV.

The Claimants argue that because section 185 of the Act states that the bond is posted for the "benefit of claimants," the bond should be used to satisfy the judgment they received in their action. The Claimants, however, have not identified any language in the Act that suggests that the bond is for the "benefit of claimants" who have not established liability for their injuries against the owner and the vessel.

The Act expressly provides for limitation of a *vessel owner's* liability for injuries to a claimant. The Act does not authorize the court to use the bond to satisfy a judgment for injuries caused by third persons in cases where the vessel owner is adjudged not to be liable. The Claimants' theory would impose strict liability on the vessel owner. The words used by Congress do not indicate that Congress intended to depart so radically from existing maritime and tort law theories of liability.

As noted above, the Act permits an owner to free the ship from being seized as security, and protects the claimant's interest in satisfying his or her judgment. The Claimants' argument is contrary to the Act's purpose of encouraging American shipping. American shipping interests would be adversely affected by a law that would make an owner responsible for the payment of an amount equal to the value of his or her vessel, and its freight, even though the owner and the vessel were not liable for a claimant's injury.

## V.

The Claimants also contend that the language of McLinn's stipulation in support of his petition for a limitation of liability demonstrates that this argument is meritorious. We disagree. The stipulation provides in pertinent part:

> William McLinn, principal, and Federal Insurance Company, as surety, hereby submit themselves to the jurisdiction of this Court, for the purpose of this stipulation and agree to abide by orders of this Court, interlocutory or final, and to pay the amount awarded by the final judgment rendered by this Court....

The stipulation simply does not contain any words that permit a construction that William McLinn agreed to pay any amount if he or his vessel were found not liable.

Finally, the Claimants contend that the Supreme Court's decision in *Hartford Accident & Indemnity Co. v. Southern Pacific Co.*, 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612 (1927), supports their argument. In *Hartford Accident*, the Supreme Court held that a court could retain possession of an owner's bond after the owner's petition for limited liability was denied. *Id.* at 217, 220, 47 S.Ct. at 359, 360. The Court reasoned that because the bond served as a substitute for the vessel, the litigation could go forward whether or not the owner was successful in his complaint for a limitation of liability. *Id.* at 220, 47 S.Ct. at 360. *Hartford Accident* does not support the Claimants' strict liability theory. In *Hartford Accident*, the vessel owner remained potentially liable for the full amount of the bond after his petition for limited liability was denied. In the matter *sub judice*, the district court has determined that the owner and the vessel are not liable in any amount.

**AFFIRMED.**