37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SAUSE BROTHERS OCEAN TOWING CO., INC., a corporation, as
Owner/Charter; T/V OCEAN SERVICE; Plaintiffs-Appellees,
v.
David LeBLANC, et al. (LeBlanc claimants), Claimants-Appellants.
 No. 93-35110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided Oct. 13, 1994.
 
 1
 Before: TANG, FERGUSON and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 David LeBlanc and 288 other claimants (collectively "Claimants" or "Appellants") appeal the district court's denial of their request to enjoin a Canadian action filed by Sause Brothers Ocean Towing company ("Sause"). They argue that the district court abused its discretion because: (1) Sause should be bound to litigate only in the District of Oregon because Sause forced Appellants to litigate there; (2) the "saving to suitors" clause in 28 U.S.C. Sec. 1333 gives the Appellants a right to litigate where they choose; (3) Sause's suit in British Columbia forces Appellants into one forum, the very result rejected by the district court; (4) Sause's declaratory action is barred by the existence of Sause's Limitation Act remedy; (5) the issues Sause seeks to litigate in the Canadian Action were fully litigated in the district court or could have been; and (6) a federal court has authority in certain circumstances to enjoin parties before it from litigating in a foreign country. Sause argues that Appellants lacked standing in the district court and now lack standing in this court. We affirm.
 
 
 4
 Sause owned a tug, "Ocean Service," and a barge, "Nestucca." The two vessels collided off the coast of Washington state. Oil escaped from the Nestucca as a result of the collision, some of which washed onto the beaches of Vancouver Island, Canada. LeBlanc and 288 other Canadians responded by cleaning up the beaches and rescuing wildlife.
 
 
 5
 A few months later, Sause filed an action in the United States District Court for the District of Oregon. In the action, Sause sought a declaration that its liability was limited under 46 U.S.C.Appx. Sec. 183, part of the Limitation of Liability Act (Limitation Act). The Limitation Act "permits a shipowner not personally at fault to limit his liability to his interest in his ship." Churchill v. F/V Fjord, 5 F.3d 374, 376 (9th Cir.1993) (internal quotations omitted). Sause also sought an injunction, pursuant to the Limitations Act and Rule F(3) of the Federal Rules for Certain Admiralty and Maritime claims (Supp.R.), restraining the commencement or prosecution of any other proceeding dealing with claims arising out of the collision. The district court granted Sause the injunction requested, and consequently, Claimants were obliged to file their claims in the District of Oregon.
 
 
 6
 A bench trial was held. The district court determined that the Ocean Service's crew's negligent acts caused the oil spill. In re Sause Bros. Ocean Towing, 769 F.Supp. 1147, 1151-55 (D.Or.1991). It also determined that Sause had knowledge and privity of those negligent acts. Id. at 1155. For these reasons, the court determined that the Limitation Act did not apply. Id. The court did not determine whether Sause was liable to any of the parties who had filed claims in the district court.
 
 
 7
 Upon learning that the Limitation Act did not apply, Claimants moved the district court to dissolve the injunction limiting their rights to sue Sause in other forums and by means other than filing the claims. The district court also dismissed Sause's Limitation Act complaint as to Claimants, but held Claimants' claims in abeyance while they attempted to file in other forums.
 
 
 8
 A few days later, Sause sued Claimants in British Columbia (the "Canadian Action"), seeking a declaration that Sause is not liable to Claimants. In response, Claimants requested the district court to enjoin prosecution of the Canadian Action.[1] The district court refused their request. Claimants timely appeal.
 
 I. Jurisdictional Issues
 
 9
 Sause contends that Appellants lack standing to appeal. The district court dismissed Sause's Limitation of Liability Act (Limitation Act) complaint against Appellants. See 46 U.S.C. Appendix Sec. 183; Supplemental Rules for Certain Admiralty and Maritime Claims (Supp.R.) F. Sause contends that, because its complaint against Appellants was dismissed, Appellants' legal rights can no longer be affected in the district court. Sause is incorrect. Though the district court dismissed Sause's complaint, the court did not dismiss or resolve Appellants' claims against Sause, which were filed in the district court at Sause's insistence. The court retains jurisdiction to decide claims filed in a Limitation Act action even after finding that a shipowner is not entitled to limitation, an injunction, or any of the other relief Sause requested in its complaint in this case. Hartford Accident & Ind. Co. v. Southern Pac. Co., 273 U.S. 207, 216-20 (1927); see also The Silver Palm, 94 F.2d 776, 780 (9th Cir.1937) ("[Claimants] should be free to remain in the limitation proceeding or sue elsewhere."). Thus, until Appellants drop their claims, the district court retains jurisdiction over these claims and over the Appellants who filed them, and Appellants have standing to raise arguments affecting these claims. Moreover, Appellants are aggrieved by the district court's order allowing Sause to proceed against them in Canada.
 
 
 10
 At oral argument, Appellants incorrectly argued that this case was moot because the Washington state court suit was dismissed and no forum remains in the United States in which Appellants wish to litigate. "A claim is moot if the issues are no longer live or the parties lack a legally cognizable interest in the outcome." EEOC v. Hacienda Hotel, 881 F.2d 1504, 1519 (9th Cir.1989). Here, the issues are live, and Appellants retain a legally cognizable interest in the outcome. That Appellants no longer wish to press the issues does not render them moot.
 
 
 11
 Alternatively, Appellants proposed at oral argument to abandon their appeal. Sause objected. To date, the parties have been unable to resolve their differences regarding settlement of this appeal. A voluntary dismissal does not appear likely. On this state of the record, we elect not to resolve the parties' differences regarding settlement.
 
 II. Merits
 
 12
 The district court's decision not to enjoin the Canadian action is reviewed for an abuse of discretion or application of erroneous legal principles. See Dexter v. Kirschner, 984 F.2d 979, 982 (9th Cir.1992). In this case, the district court applied correct legal principles and did not abuse its discretion.
 
 
 13
 Appellants fail to show how Sause acted inequitably. While the Supp.R. F(3) injunction was in place, Sause probably could not sue outside the District of Oregon. Manufacturers' Finance Co. v. McKey, 294 U.S. 442, 449 (1935). But when the district court determined that Limitation Act relief was unavailable, grounds for the Supp.R. F(3) injunction disappeared, The Silver Palm, 94 F.2d at 780, the parties were placed in their original positions, and Appellants were free to sue Sause outside the District of Oregon. Any argument that Sause should be reciprocally bound to the District of Oregon also disappeared. Moreover, Appellants have shown no prejudice from having to litigate in British Columbia.
 
 
 14
 The "saving to suitors" clause, 28 U.S.C. Sec. 1333, does not help Appellants. Appellants' right thereunder to choose a forum is not absolute. That right does not preempt Sause's right to choose a forum, whether Sause's right comes from state or federal common law or from Canadian law. E.g., Torch, Inc. v. Theriot, 727 F.Supp. 1048, 1051 (E.D.La.1990) ("The Court ... has found no authority for extending [the clause] to preclude actions, either declaratory or otherwise, from being brought....").
 
 
 15
 The district court's ruling does not allow Sause to do indirectly what it could not do directly, in a manner contrary to law. Sause has not forced Appellants into one forum. Rather, Sause has exercised its rights to sue Appellants in Canada and to argue forum non conveniens in Washington state court. That the effect of Sause's exercise of its rights and the Washington state court's discretionary decision regarding forum non conveniens is to force Appellants to defend themselves in Canada does not make the district court's ruling impermissible.
 
 
 16
 Appellants incorrectly rely on a limitation on federal declaratory actions. No "special statutory proceeding," Fed.R.Civ.P. 57 adv. comm. notes, is in place to adjudicate the rights asserted in Canada. "[T]he proceeding to limit the owner's liability is separate and distinct from the common-law remedy [of the claimant], or the question of liability in admiralty." The Norco, 66 F.2d 651, 652 (9th Cir.1933), aff'd sub nom. Larsen v. Northland Transp. Co., 292 U.S. 20 (1934). Further, the doctrine of election of remedies does not apply here because the Limitation Act "remedy" was ultimately held to be unavailable. Sause could not elect a remedy that was unavailable. Robinson v. Chicago Great W. Ry. Co., 144 F.Supp. 713, 715-16 (W.D.Mo.1956).
 
 
 17
 Res judicata does not bar the Canadian suit. In The Norco, we held that "the judgment of the common-law court fixing the amount of the damage and the responsibility of the [ship]owner ... is not res adjudicata as to the right of the owner to limit his liability in the subsequent proceeding in an admiralty court, where the question was not raised in the common-law action." 66 F.2d at 652. If res judicata does not bar an owner's limitation action even though limitation could have been raised during a prior suit by the claimant to establish the owner's liability, then res judicata does not bar a suit on the claim merely because the claim could have been brought during a prior limitation action. Any holding to the contrary would undermine our ruling in The Silver Palm that a claimant is free to sue in state court once the admiralty court determines that the Limitation Act does not apply. 94 F.2d at 780. And if res judicata does not bar a suit on a claim against the owner after a limitation action has failed, it can not bar the owner's action for a declaration that such claim is invalid.
 
 
 18
 Though a federal court has authority to enjoin a foreign action between parties before it, Seattle Totems Hockey Club, Inc. v. National Hockey League, 652 F.2d 852, 855 (9th Cir.1981), cert. denied sub nom. Northwest Sports Enter., Ltd. v. Seattle Totems Hockey Club, Inc., 457 U.S. 1105 (1982), no injunction is warranted here. Seattle Totems is distinguishable. No federal or state policy is at issue. The Canadian suit has not been shown to be vexatious or oppressive but convenient: all the witnesses and defendants reside in British Columbia. Sause has sued in the forum closest to Appellants, within Appellants' own country, where the claims arose. Because Sause's Limitation Act complaint was dismissed and Appellants' claims are in abeyance, litigation in Canada does not threaten the jurisdiction of the district court as in Seattle Totems. Finally, comity recommends against enjoining the Canadian proceedings.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Claimant's request for an injunction of the Canadian Action was pending, Claimants filed a class action suit against Sause in Washington state superior court. The state court granted Sause's motion to dismiss on forum non conveniens grounds because Sause had already submitted to the jurisdiction of a superior forum in British Columbia